FILED

1  MERRILL F. STORMS, JR. (SBN 78333)
   rick.storms@dlapiper.com
2  BENJAMIN M. GIPSON (SBN 222830)
   ben.gipson@dlapiper.com
3  KATHARINE J. LIAO (SBN 255157)
   katharine.liao@dlapiper.com
4  DLA PIPER LLP (US)
   2000 Avenue of the Stars
5  Suite 400 North Tower
   Los Angeles, California 90067-4704
6  Tel: 310.595.3000
   Fax: 310.595.3334
7
   Attorneys for Defendant
8  LULULEMON USA INC.

9

10

11

2012 NOV 21  AM 11: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12  REBEKAH GEARE, an individual;
    RAIN MITCHELL, an individual; on
13  behalf of themselves, and on behalf of
    all others similarly situated,

14          Plaintiffs,

15     v.

16  LULULEMON USA INC., and DOES
    1-100, inclusive,

17          Defendant.

18

CASE No. CV 12  9996 - SJO
(JEM)

(Los Angeles County Superior Court
Case No. BC493741)

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

19

20     TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

22  OF RECORD:

23     PLEASE TAKE NOTICE that Defendant lululemon USA, Inc.

24  ("Defendant") hereby files this notice of removal pursuant to 28 U.S.C. §§ 1331

25  and 1441(a).  Defendant's removal of this matter is based on the grounds set forth

26  below.

27  /////

28  /////

**INTRODUCTION**

This case is hereby removed from state court to federal court because at the time the Complaint was filed and at this time, Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207 (failure to pay minimum wage and overtime compensation). These claims arise under the laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(a).

**THE STATE COURT ACTION**

On October 12, 2012, Plaintiffs Rebekah Geare and Rain Mitchell, on behalf of themselves and all others similarly situated, commenced an action in the Superior Court of California in and for Los Angeles County entitled *Geare v. Lululemon USA, Inc.*, Case No. BC493741 ("Complaint"). Defendant is the former employer of Plaintiffs. The Complaint alleges fourteen causes of action, including "Failure to Pay Minimum Wages [FLSA 29 U.S.C. § 206]" and "Failure to Pay Overtime Compensation [FLSA 29 U.S.C. § 207]." Plaintiffs' other twelve causes of action allege myriad violations of California law. A true and correct copy of the Complaint, Summons and all other documents served on Defendant is attached hereto as Exhibit A.

Plaintiffs served the Summons and Complaint on Defendant on October 22, 2012.

**JOINDER**

Defendant is not aware of any other defendant having been served with a copy of Plaintiffs' Complaint. *See generally* 28 U.S.C. § 1446(b)(2)(A).

**FEDERAL QUESTION JURISDICTION**

The district courts of the United States have original jurisdiction over claims "arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by the defendant to the "district court of the United States for the district and division embracing the

DLA Piper LLP (US)
Los Angeles

WEST\239336604.1
368253-000082

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  place where such action is pending."

2      Here, Plaintiffs allege that Defendant violated federal law by failing to pay

3  required minimum wages and overtime compensation. Specifically, Plaintiffs

4  allege that Defendant violated the FLSA, 29 U.S.C. §§ 206 and 207. Consequently,

5  Plaintiffs' claims "arise under the . . . laws . . . of the United States" and should be

6  adjudicated in federal court. 28 U.S.C. §§ 1331, 1441(a).[1]

7            **COMPLIANCE WITH STATUTORY REQUIREMENTS**

8      Pursuant to 28 U.S.C. § 1446(a), Defendant attaches the Complaint and all

9  documents served as Exhibit A. This is the only process, pleading, or order in the

10 State Court's file that has been served on Defendant up to the date of filing this

11 Notice of Removal.

12     In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this

13 Court. Under Section 1446(b), "a notice of removal may be filed within thirty days

14 after receipt by the defendant, through service or otherwise." Defendant was served

15 with Plaintiffs' Complaint on October 22, 2012. Accordingly, this Notice is timely.

16     As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of

17 the filing of this Notice of Removal to Pawel R. Sasik and Andrew J. Sokolowski,

18 attorneys of record for Plaintiffs, and will promptly file a copy of this Notice of

19 Removal with the Clerk for the Superior Court of the State of California in and for

20 the County of Los Angeles.

21 Dated: November 21, 2012         DLA PIPER LLP (US)

22

23                      By: _____

24                         Merrill F. Storms, Jr.
                            Benjamin M. Gipson

25                         Katharine J. Liao
                            Attorneys for Defendant,

26                         LULULEMON USA INC.

27 ─────────────────────

28 [1] Defendant expressly reserves all rights to remove under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and/or any other grounds for removal.

DLA PIPER LLP (US)
LOS ANGELES
    WEST\239336604.1
    368253-000082
-3-
    NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

10/22/12
3:35 PM
AP

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LULULEMON USA INC.; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

REBEKAH GEARE, an individual; RAIN MITCHELL, an individual;
on behalf of themselves, and on behalf of all others similarly situated;

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 12 2012

John A. Clarke, Executive Officer/Clerk
BY *Cristina Grijalva*, Deputy
Cristina Grijalva

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, Central District; 111 North Hill Street, Los Angeles, California 90012 | BC493741 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Pawel R. Sasik; 5350 Topanga Cyn. Blvd., Woodland Hills, CA 91364; 310-571-5206

| DATE: *(Fecha)* John A. Clarke | Clerk, by *(Secretario)* CRISTINA GRIJALVA | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

OCT 12 2012

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Lululemon USA Inc.**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10-22-12

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
| --- | --- | --- |

Exhibit A - Page 4

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
The Law Offices of Pawel R. Sasik; Pawel R. Sasik (SBN 240672); 5350 Topanga Cyn. Blvd., Woodland Hills, CA 91364; The Law Office of Andrew J. Sokolowski; Andrew J. Sokolowski (SBN 226685); 1454 W. 215th Street, Torrance, California 90501

TELEPHONE NO.: 310-571-5206     FAX NO.:
ATTORNEY FOR *(Name)*: Rebekah Geare, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

**CASE NAME:**
Geare, et al. v. LuluLemon USA Inc.

**FOR COURT USE ONLY**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) / ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: / DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☐ Substantial amount of documentary evidence
 d. ☐ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 12
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2012
Pawel R. Sasik
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A - Page 6

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Geare, et al. v. LuluLemon USA Inc. | |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| | | |
|---|---|---|
| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |

Exhibit A - Page 7

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Geare, et al. v. LuluLemon USA Inc. | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Exhibit A - Page 8

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Geare, et al. v. LuluLemon USA Inc. | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)** | | |
| Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | ☐ A6160   Abstract of Judgment | 2., 6. |
| | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190   Election Contest | 2. |
| | ☐ A6110   Petition for Change of Name | 2., 7. |
| | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100   Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A - Page 9

| SHORT TITLE:<br>Geare, et al. v. LuluLemon USA Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II, **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11920 San Vicente Blvd. | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90049 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>October 11, 2012</u>

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number ___ BC 493741 ___

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

**The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).**

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

Page 1 of 2

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141,31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

Exhibit A - Page 16

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

Exhibit A - Page 19

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

Exhibit A - Page 22

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit A - Page 23

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____        _____
                                              JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 2 of 2

Exhibit A - Page 25

1   PAWEL R. SASIK, SBN 240672
    **THE LAW OFFICES OF PAWEL R. SASIK**
2   5350 TOPANGA CANYON BOULEVARD
    WOODLAND HILLS, CALIFORNIA 91364
3   TEL: (310) 571-5206

4   Andrew J. Sokolowski SBN 226685
    **The Law Office of Andrew J. Sokolowski**
5   1454 W. 215ᵗʰ Street
    Torrance, California 90501
    Tel.: (310) 210-5610
6
    ATTORNEY FOR PLAINTIFFS
7   REBEKAH GEARE, AND RAIN MITCHELL,
    AND FOR THOSE SIMILARLY SITUATED

8

    CONFORMED COPY
    ORIGINAL FILED
    Superior Court of California
    County of Los Angeles

    OCT 12 2012

    John A. Clarke, Executive Officer/Clerk
    BY _____ Deputy
    Cristina Grijalva

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11                                              BC 4 9 8 7 4 1

12   REBEKAH GEARE, an individual; RAIN      )   CASE NO.:
     MITCHELL, an individual; on behalf of   )
13   themselves, and on behalf of all others )   Unlimited Civil Case over $25,000
     similarly situated;                     )
14                                           )   **COMPLAINT**
                  PLAINTIFFS,                )
15                                           )   **[CLASS ACTION]**
        v.                                   )
16                                           )   1.  FAILURE TO PROVIDE MEAL
                                             )       PERIODS [CAL. LAB. CODE §§226.7
17   LULULEMON USA INC.; and DOES 1-100,     )       and 512];
     inclusive;                              )   2.  FAILURE TO PROVIDE REST
18                                           )       PERIODS [CAL. LAB. CODE §§226.7];
                                             )   3.  FAILURE TO PAY OVERTIME
19             DEFENDANTS.                   )       COMPENSATION [CAL. LAB. CODE
                                             )       §§510, 1194 AND 1198];
20                                           )   4.  FAILURE TO PAY MINIMUM WAGES
                                             )       [CAL. LAB. CODE § 1182.12, 1194,
21                                           )       1194.2, 1197]
                                             )   5.  FAILURE TO PAY COMPENSATION
22                                           )       AT TIME OF TERMINATION [CAL.
                                             )       LAB. CODE §201, 202, 203, 208];
23                                           )   6.  FAILURE TO INDEMNIFY AND
                                             )       REIMBURSE FOR EXPENDITURES
24                                           )       OR LOSSES IN DISCHARGE OF
                                             )       DUTIES; [CAL. LAB. CODE § 2802]
25                                           )   7.  FAILURE TO PROVIDE ACCURATE
                                             )       WAGE STATEMENTS [CAL. LAB.
26                                           )       CODE §226 et. seq.];
                                             )   8.  FAILURE TO PAY ALL WAGES TWICE
27                                           )       EACH MONTH; [CAL. LAB. CODE §
                                             )       204]
28                                           )   9.  FAILURE TO PROVIDE SUITABLE

                                    1
                                COMPLAINT

|   |   |
|---|---|
| 1 | AND REASONABLE SEATING [TITLE 8 CAL. CODE OF REGULATIONS § 11070] |
| 2 | 10. FAILURE TO PAY VACATION COMPENSATION AT TIME OF |
| 3 | TERMINATION [CAL. LAB. CODE § 227.3]; |
| 4 | 11. CONVERSION [CAL. CIVIL CODE §§3336, 3294]; and |
| 5 | 12. UNLAWFUL BUSINESS PRACTICES [BUS. & PROF. CODE §17200 et. seq.] |
| 6 | 13. FAILURE TO PAY MINIMUM WAGES FLSA 29 U.S.C. § 206] |
| 7 | 14. FAILURE TO PAY OVERTIME COMPENSATION [FLSA 29 U.S.C. § 207] |
| 8 | |
| 9 | JURY TRIAL DEMANDED |
| 10 | UNLIMITED JURISDICTION |
| 11 | |
| 12 | |

COME NOW: Plaintiffs REBEKAH GEARE (hereinafter "GEARE" ), and RAIN MITCHELL (hereinafter "MITCHELL") (henceforth GEARE and MITCHELL shall be referred to collectively as "PLAINTIFFS"), individually, and on behalf of all others similarly situated, and alleges as follows:

In general, PLAINTIFFS, and other members of the Class, bring this action as a class action on behalf of all California residents who are current and former employees of LULULEMON USA INC. (hereinafter "LULULEMON" or "DEFENDANT") who worked or are working, "Educators", "Key Leaders". "Store Managers", and/or "Assistant Managers", at any of LULULEMON's retail California locations.

In addition, PLAINTIFFS, and other members of the Class, bring this action as a class action on behalf of all United States residents who are current and former employees of LULULEMON USA INC. (hereinafter "LULULEMON" or "DEFENDANT") who worked or are working, "Educators", "Key Leaders". "Store Managers", and/or "Assistant Managers", at any of LULULEMON's retail locations.

## VENUE AND JURISDICTION

1.     This is a civil action by PLAINTIFFS, on behalf of themselves and all other members of

1   the Class, seeking recovery of unpaid compensation and penalties for: Failure to provide meal

2   breaks, failure to provide rest breaks, failure to pay overtime compensation, failure to pay

3   compensation, failure to pay compensation at time of termination, failure to provide accurate wage

4   statements, failure to pay all wages twice each month, failure to provide suitable seating, failure to

5   pay unpaid vacation time as wages at time of termination, pre-judgment interest and reasonable

6   attorneys' fees and costs under Cal. Lab. Code § 201, 202, 203, 204, 208, 210, 226.7, 227.3, 510,

7   512, 1194, 1198 and, Title 8 Cal. Code Regs. § 11070. PLAINTIFFS, for themselves, and all

8   other members of the Class alleged herein, also bring an action for conversion, Cal. Civ. Code §

9   3336 and 3294, as well as for monetary recovery for DEFENDANT's violation of Cal. Bus. And

10  Prof. Code § 17200, et seq., including full restitution of all compensation and benefits retained by

11  DEFENDANT as a result of DEFNDANT's unlawful, fraudulent, and unfair business practices.

12  2.      PLAINTIFFS are individuals who, during the time periods relevant to this Complaint,

13  were employed by LULULEMON at one, or more, of its many retail locations in California.

14  3.      Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is

15  proper in the Superior Court of California, County of Los Angeles, State of California.

16  4.      Venue as to DEFENDANT is proper in this judicial district pursuant to Cal. Civ. Proc.

17  Code § 395(a) and § 395.5 because the injuries to the persons complained of herein occurred in the

18  County of Los Angeles and/or because the DEFENDANT operated and operates LULULEMON's

19  various retail establishments in the County of Los Angeles, California.

20                                    **PLAINTIFF CLASS**

21  5.      The acts complained of herein occurred, at least in part, within the last (4) years preceding

22  the filing of this complaint.

23  6.      At its store locations, LULULEMON employs non-exempt workers under different job

24  titles including Educators", "Key Leaders". "Store Managers", and/or "Assistant Managers". All

25  store employees are subject to identical or nearly identical policies and procedures related to

26  employee compensation.

27  7.      During the relevant statutory period, class representative PLAINTIFFS, GEARE and

28  MITCHELL worked as Educators, Key Leaders, Assistant Managers and/or Store Managers for

1  LULULEMON, within the state of California.  At all times mentioned herein, the aforementioned

2  PLAINTIFFS, and the entirety of the Class identified herein, are or were current and former

3  employees of LULULEMON and;

    a.  Were not paid minimum wages for all time worked;

    b.  Were not paid overtime;

    c.  Were not provided meal periods;

    d.  Were not provided rest periods;

    e.  Were not paid all compensation owed to them at the time of termination;

    f.  Were not provided accurate wage statements;

    g.  Were not paid all wages twice each month;

    h.  Were not provided suitable and reasonable seating; and

    i.  Were not paid all vacation time pay at time of termination.

**DEFENDANTS**

8.      LULULEMON, operates clothing stores that sell athletic wear. Upon information and belief, LULULEMON operates approximately 30 stores dispersed throughout California, and 182 stores dispersed throughout the United States, and at all times during the Class Period was:

    a.  A company organized and existing under the laws of Nevada, and was and is registered to do business in California;

    b.  The current and/or former employer of the putative CLASS members;

    c.  Failed to provide meal periods;

    d.  Failed to provide rest periods;

    e.  Failed to pay overtime;

    f.  Failed to pay all compensation owed to employees at the time of termination;

    g.  Failed to provide accurate wage statements;

    h.  Failed to pay all wages twice each month;

    i.  Failed to provide suitable and reasonable seating; and

    j.  Failed to pay all vacation time pay at time of termination.

9.      The true names and capacities, whether individual, corporate, subsidiary, partnership,

1   associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to PLAINTIFFS

2   who therefore sue these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code §

3   474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and

4   capacities of Does 1 through 100, inclusive, when they are ascertained.

5   10.    PLAINTIFFS are informed and believe, and based upon that information and belief allege

6   that the Defendants named in this Complaint, including Does 1 through 100, inclusive, are

7   responsible in some manner for one or more of the events and happenings that proximately caused

8   the injuries and damages hereinafter alleged.

9   11.    PLAINTIFFS are informed and believe, and based upon that information and belief allege,

10   that the defendants named in this Complaint, including Does 1 through 100, inclusive, are, and at

11   all times mentioned herein were, agents, servants, and/or employees of each of the other

12   defendants and that each defendant was acting within the course of scope of his, hers or its

13   authority as the agent, servant and/or employee of each of the other defendants. Consequently, all

14   the defendants are jointly and severally liable to PLAINTIFFS and the other members of the

15   CLASS, for the damages sustained as a proximate result of their conduct.

16                           **THE CONDUCT**

17   12.    GEARE and MITCHELL were employees of LULULEMON at one of LULULEMON's

18   retail locations.

19   13.    GEARE was hired by LULULEMON, to work at LULULEMON's Brentwood retail

20   location as an Educator on or about July 11, 2011.

21   14.    GEARE satisfactorily performed all of her duties as an Educator for LULULEMON during

22   her employment with LULULEMON.

23   15.    GEARE no longer works for LULULEMON.

24   16.    MITCHELL was hired by LULULEMON, to work at one of LULULEMON's numerous

25   retail locations, as an Key Leader on or about March 2010.

26   17.    MITCHELL satisfactorily performed all of her duties as a Key Leader for LULULEMON

27   during her employment with LULULEMON.

28   18.    MITCHELL worked at numerous LULULEMON locations during her employment with

1  LULULEMON, including the LULULEMON Brentwood location, the LULULEMON Malibu

2  location, and the LULULEMON Calabasas Location.

3  19.     MITCHELL worked for LULULEMON as a "Key Leader" until about October of 2009.

4  20.     Educators, Key Holders, Store Managers, and Assistant Store Managers are paid an hourly

5  wage. Educators, Key Holders, Store Managers, and Assistant Store Managers are similarly

6  situated in that they share common job duties and descriptions and are all subject to

7  LULULEMON's policy and practice that denies them wage premiums for missed meal periods.

8  21.     The right to meal and rest periods has been codified in sections 226.7 and 512 of the

9  California Labor Code. At all relevant times mentioned herein, section 226.7 provided:

10          (a) No employer shall require any employee to work during any meal or rest
            period mandated by an applicable order of the Industrial Welfare Commission.

11          (b) If an employer fails to provide an employee a meal period or rest period in
            accordance with an applicable order of the Industrial Welfare Commission, the

12          employer shall pay the employee one additional hour of pay at the employee's
            regular rate of compensation for each work day that the meal or rest period is not

13          provided.

14  Cal. Lab. Code § 226.7.

15  22.     Employers are required to schedule meal periods before the end of the fifth hour of work.

16  At all times relevant herein, Commission wage order No. 7-2001, codified as section 11070 of 8

17  California Code of Regulations, provided, in relevant part:

18          11. Meal Periods

19          (A) No employer shall employ any person for a work period of more than five (5)
            hours without a meal period of not less than 30 minutes, except that when a work

20          period of not more than six (6) hours will complete the day's work the meal period
            may be waived by mutual consent of the employer and the employee.

21          (B) An employer may not employ an employee for a work period of more than ten
            (10) hours per day without providing the employee with a second meal period of

22          not less than 30 minutes, except that if the total hours worked is no more than 12
            hours, the second meal period may be waived by mutual consent of the employer

23          and the employee only if the first meal period was not waived.

24          (C) Unless the employee is relieved of all duty during a 30 minute meal period,
            the meal period shall be considered an "on duty" meal period and counted as time

25          worked. An "on duty" meal period shall be permitted only when the nature of the
            work prevents an employee from being relieved of all duty and when by written

26          agreement between the parties an on-the-job paid meal period is agreed to. The
            written agreement shall state that the employee may, in writing, revoke the

27          agreement at any time.

28          (D) If an employer fails to provide an employee a meal period in accordance with

1   the applicable provisions of this order, the employer shall pay the employee one
    (1) hour of pay at the employee's regular rate of compensation for each workday
2   that the meal period is not provided. (E) In all places of employment where
    employees are required to eat on the premises, a suitable place for that purpose
3   shall be designated.

4   8 Cal. Code Regs. § 11070.

5   23.    During PLAINTIFFS, and other members of the Class', employment with LULULEMON,

6   PLAINTIFFS, and other members of the Class, were not provided with meal periods before the

7   end of the fifth hour of work. LULULEMON, by and through its officers, directors and managing

8   agents, intentionally and systematically promulgated and enforced policies under which Educators,

9   Key Holders, Store Managers, and Assistant Store Managers, regularly worked more than five

10  hours per day without being allowed one meal period of at least 30 minutes during which the

11  worker was relieved of all of his or her respective job duties. Throughout the relevant period,

12  Educators, Key Holders, Store Managers, and Assistant Store Managers frequently were required

13  to forego their meal periods, in order, for example, to attend to customers, or answer other

14  employees' questions.

15  24.    In addition to not being properly provided a first 30-minute meal period, Educators, Key

16  Holders, Store Managers, and Assistant Store Managers were not provided a second 30-minute

17  meal period despite working ten hours or more per day.

18  25.    PLAINTIFFS, and other Educators, Key Holders, Store Managers, and Assistant Store

19  Managers were not provided with an additional hour of pay for each workday that the meal period

20  was not properly provided.

21  26.    LULULEMON's failure to pay Educators, Key Holders, Store Managers, and Assistant

22  Store Managers for missed meal periods systematically violated the mandatory requirements of

23  sections 226.7 and 512 of the California Labor Code and Commission wage order No. 7-2001,

24  codified as section 11070 of 8 California Code of Regulations. As a result, Educators, Key

25  Holders, Store Managers, and Assistant Store Managers were routinely denied proper

26  compensation for missed meal periods. In addition to being prevented from enjoying their legally

27  mandated meal periods, PLAINTIFFS, and other members of the Class, were prevented from

28  enjoying rest periods required by law.

27.   At all times relevant herein, Commission wage order No. 7-2001, codified as section

11070 of 8 California Code of Regulations, provided, in relevant part:

> 12. Rest Periods
> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code Regs. § 11070.

28.   LULULEMON, by and through its officers, directors and managing agents, intentionally and systematically promulgated and enforced policies under which Educators, Key Holders, Store Managers, and Assistant Store Managers regularly worked more than four hours per day without being allowed one or more paid rest periods of at least ten minutes during which the worker was relieved of all of his or her respective job duties. Throughout the relevant period, Educators, Key Holders, Store Managers, and Assistant Store Managers frequently were required to forego their rest periods, in order, for example, to attend to customers, or answer questions regarding the operations of the store from other employees. Educators, Key Holders, Store Managers, and Assistant Store Managers were not provided with an additional hour of pay for each workday that the rest period was not properly provided.

29.   During PLAINTIFFS', and other members of the Class', employment with LULULEMON, PLAINTIFFS, and other members of the Class, did not receive appropriate overtime pay.

30.   LULULEMON's failure to pay PLAINTIFFS for working through rest periods systematically violated the mandatory requirements of sections 226.7, 512, and 1198 of the California Labor Code and Commission wage order No. 7-2001, codified as section 11070 of 8

1 | California Code of Regulations.

2 | 31.     LULULEMON's practices violate section 1198 of the California Labor Code which

3 | provides:

> The maximum hours of work and the standard conditions of labor fixed by the
> commission shall be the maximum hours of work and the standard conditions of
> labor for employees. The employment of any employee for longer hours than
> those fixed by the order or under conditions of labor prohibited by the order is
> unlawful.

Cal. Lab. Code § 1198.

32.     Section 1198 refers to "conditions of labor prohibited by the order [of the Commission]"

and therefore incorporates by reference Commission wage order No. 7-2001. DEFENDANT

violated section 1198 by employing PLAINTIFFS, and other members of the class "under

conditions of labor prohibited by the order." Cal. Lab. Code § 1198.

33.     At all relevant times mentioned herein, section 510(a) of the California Labor Code

provided, in part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours
> in one workday and any work in excess of 40 hours in any one workweek and the
> first eight hours worked on the seventh day of work in any one workweek shall be
> compensated at the rate of no less than one and one-half times the regular rate of
> pay for an employee. Any work in excess of 12 hours in one day shall be
> compensated at the rate of no less than twice the regular rate of pay for an
> employee. In addition, any work in excess of eight hours on any seventh day of a
> workweek shall be compensated at the rate of no less than twice the regular rate
> of pay of an employee. Nothing in this section requires an employer to combine
> more than one rate of overtime compensation in order to calculate the amount to
> be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510(a).

34.     Section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee
> receiving less than the legal minimum wage or the legal overtime compensation
> applicable to the employee is entitled to recover in a civil action the unpaid
> balance of the full amount of this minimum wage or overtime compensation,
> including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

35.     PLAINTIFFS and other members of the Class, are entitled to accrued but unpaid minimum

1  wages and overtime on account of the services they performed for DEFENDANT when they:

2  worked through their meal periods, worked through rest periods, worked after clocking out, and

3  worked outside of regular business hours promoting DEFENDANT's business.

4  36.  In addition, DEFENDANT required PLAINTIFFS, and other members of the Class, to

5  drive their own vehicles and travel between store locations, to banks, to offsite storage facilities,

6  and/or to jobsites. PLAINTIFFS, and other members of the Class, incurred mileage expenses

7  associated with the travel and did not receive reimbursement. California Labor Code section 2802

8  requires every employer to indemnify its employees "for all necessary expenditures or losses

9  incurred by the employee in direct consequence of the discharge of his or her duties, or of his or

10  her obedience to the directions of the employer." Labor Code section 2802(b) provides: "All

11  awards made by a court . . . for reimbursement of necessary expenditures under this section shall

12  carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on

13  which the employee incurred the necessary expenditure or loss." Labor Code section 2802(c)

14  provides that the term "necessary expenditures or losses" shall include all reasonable costs,

15  including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted

16  by section 2802.

17  37.  In light of LULULEMON's failure to pay wage premiums for missed meal periods, wage

18  premiums for missed rest periods, and proper overtime, it failed to provide accurate wage

19  statements to Educators, Key Holders, Store Managers, and Assistant Store Managers, and other

20  members of the Class, identifying all gross wages earned, net wages earned, and all applicable

21  hourly rates in effect during the pay period and the corresponding number of hours worked at each

22  hourly rate. At all relevant times mentioned herein, section 226 of the California Labor Code

23  provided:

24

25      (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check,

26  draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

27  gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt

28  from payment of overtime under subdivision (a) of Section 515 or any applicable

order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

...

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226

38.    During their employment with Defendant, Educators, Key Holders, Store Managers, and Assistant Store Managers were systematically deprived of wage statements that complied with the requirements of section 226 of the California Labor Code.

39.    In light of LULULEMON's failure to pay wage premiums for missed meal periods, wage premiums for missed rest periods, and proper overtime, Defendant willfully failed to pay wages promptly upon Educators, Key Holders, Store Managers, and Assistant Store Managers ' termination or resignation.

40.    California Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation. At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).

41.    At all relevant times mentioned herein, the relevant portion of section 202(a) of the

1  California Labor Code provided: "If an employee not having a written contract for a definite

2  period quits his or her employment, his or her wages shall become due and payable not later than

3  72 hours thereafter." Cal. Lab. Code § 202(a).

4  42.    At all relevant times mentioned herein, section 203 of the California Labor Code provided:

5      If an employer willfully fails to pay, without abatement or reduction, in
6      accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee
       who is discharged or who quits, the wages of the employee shall continue as a
7      penalty from the due date thereof at the same rate until paid or until action
       therefore is commenced; but the wages shall not continue for more than 30 days.
8
   Cal. Lab. Code § 203.
9
10  43.   · Because Educators, Key Holders, Store Managers, and Assistant Store Managers who were

11  separated from their employment did not receive wage premiums for missed meal periods, wage

12  premiums for missed rest periods, off-the-clock work, and proper overtime pay, they were not paid

13  all their wages at the time of discharge. Because DEFENDANT willfully failed to pay wages

14  earned on account of their work, Educators, Key Holders, Store Managers, and Assistant Store

15  Managers are entitled to the statutory maximum of thirty days of continuing wages under Labor

16  Code section 203.

17  44.    At all At all times relevant herein, California Labor Code Section 204, in relevant part

    provides:
18      a.  All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2,
            earned by any person in any employment are due and payable twice during each
19          calendar month, on days designated in advance by the employer as the regular
            paydays. Labor performed between the 1st and 15th days, inclusive, of any
20          calendar month shall be paid for between the 16th and the 26th day of the month
            during which the labor was performed, and labor performed between the 16th and
21          the last day, inclusive, of any calendar month, shall be paid for between the 1st and
            10th day of the following month.
22
23  Cal. Lab. Code § 204

24  45.    PLAINTIFFS, and all other members of the Class, during their employment with
25
    LULULEMON, and on numerous occasions, were not paid all compensation due and owing, twice
26
    during each calendar month, on days designated in advance by the employer as the regular
27
    paydays. DEFENDANT did not pay PLAINTIFFS, and other members of the Class, all
28

1    compensation due and owing, for labor performed between the 1st and 15th days, inclusive, of any

2    calendar month between the 16th and the 26th day of the month during which the labor was

3    performed, nor did DEFENDANT pay for all compensation due and owing for labor performed

4    between the 16th and the last day, inclusive, of any calendar month, between the 1st and 10th day

5    of the following month.

6    46.     At all times relevant herein, Industrial Welfare Commission Order No. 7-2001, codified as

7    Title 8 California Code of Regulations Section 11070 in relevant part provides:

8            14. Seats
             a.  All working employees shall be provided with suitable seats when the nature of the
9                work reasonably permits the use of seats.
             b.  When employees are not engaged in the active duties of their employment and the
10               nature of the work requires standing, an adequate number of suitable seats shall be
11               placed in reasonable proximity to the work area and employees shall be permitted
                 to use such seats when it does not interfere with the performance of their duties.
12   8 Cal. Code Regs. § 11070

13   47.     LULULEMON failed to provide PLAINTIFFS, and other members of the CLASS, any

14   reasonable and/ or suitable seating during PLAINTIFFS', and other members of the CLASS,

15   working time.

16   48.     At all times relevant herein, California Labor Code Section 227.3, in relevant part

17   provides:

18           Unless otherwise provided by a collective-bargaining agreement, whenever a contract
             of employment or employer policy provides for paid vacations, and an employee is
19           terminated without having taken off his vested vacation time, all vested vacation shall
             be paid to him as wages at his final rate in accordance with such contract of
20           employment or employer policy respecting eligibility or time served;...

21   Cal. Lab. Code § 227.3

22   49.     PLAINTIFFS, and other members of the Class, earned vacation time while employed by

23   LULULEMON, and did not receive payment, as wages, for all vacation time earned at the time of

24   termination.

25                                  **CLASS DEFINITION**

26   50.     PLAINTIFFS bring this action on behalf of themselves, and on behalf of all others

27   similarly situated , as a class action pursuant to California Code of Civil Procedure § 382.  The

28

13
COMPLAINT

Exhibit A - Page 38

1   Class is divided into seven (10) subclasses:

2        **Failure to  Pay Minimum Wages California Subclass:** All California residents who are

3   current or former employees of LULULEMON who held any position as Educators, Key Holders,

4   Store Managers, or Assistant Store Managers, who were paid on an hourly basis, and worked for

5   Defendant without receiving compensation for all time worked.

6        **Failure to  Pay Overtime California Subclass:** All California residents who are current

7   or former employees of LULULEMON who held any position as Educators, Key Holders, Store

8   Managers, or Assistant Store Managers, who were paid on an hourly basis, and worked for

9   Defendant without receiving overtime compensation for all overtime worked.

10        **Meal Period Subclass:** All California residents who are current or former employees of

11   LULULEMON who held any position as Educators, Key Holders, Store Managers, or Assistant

12   Store Managers, who were paid on an hourly basis, and worked more than five hours per day and

13   did not receive a 30 minute meal period, at any time during the period from four years before the

14   filing of the Complaint.

15        **Rest Period Subclass:** All California residents who are current or former employees of

16   LULULEMON who held any position as Educators, Key Holders, Store Managers, or Assistant

17   Store Managers, who were paid on an hourly basis, and worked more than five hours per day and

18   did not receive a ten minute rest period, at any time during the period from four years before the

19   filing of the Complaint through the date of the filing of a motion for class certification in this case.

20        **Mileage Reimbursement Subclass:** All California residents who are current or former

21   employees of LULULEMON who held any position as Educators, Key Holders, Store Managers,

22   or Assistant Store Managers, who did not receive reimbursement, at any time during the period

23   from four years before the filing of the Complaint through the date of the filing of a motion for

24   class certification in this case.

25        **All Wages Not Paid Twice Per Month Subclass:** All California residents who are current

26   or former employees of LULULEMON who held any position as Educators, Key Holders, Store

27   Managers, or Assistant Store Managers, in any of its retail stores in the State of California who

28   were not paid all wages twice per month.

1    **Seat Subclass:** All California residents who are current or former employees of
2    LULULEMON who held any position as Educators, Key Holders, Store Managers, or Assistant
3    Store Managers, in any of its retail stores in the State of California who were not provided with
4    suitable seats when the nature of the work reasonably permitted the use of seats and/ or who, when
5    they were not engaged in the active duties of their employment, and the nature of the work
6    required standing, were not provided with an adequate number of suitable seats placed in a
7    reasonable proximity to the work area, and were not permitted to use such seats when it did not
8    interfere with the performance of their duties.

9    **Unpaid Vacation Subclass:** All California residents who are former employees of
10   LULULEMON who held any position as Educators, Key Holders, Store Managers, or Assistant
11   Store Managers in any of its retail stores in the State of California who were not provided with all
12   of their vacation pay as wages at the time of termination.

13   **Failure to Pay Minimum Wages U.S. Subclass:** All current and former employees of
14   LULULEMON who held any position as Educators, Key Holders, Store Managers, or Assistant
15   Store Managers in any of its retail stores in the United States who were paid on an hourly basis,
16   and worked for Defendant without receiving compensation for all time worked.

17   **Failure to Pay Overtime U.S. Subclass:** All current and former employees of
18   LULULEMON who held any position as Educators, Key Holders, Store Managers, or Assistant
19   Store Managers in any of its retail stores in the United States who were paid on an hourly basis,
20   and worked for Defendant without receiving appropriate overtime compensation for all overtime
21   worked.

22   51.    PLAINTIFFS reserve the right to modify the Class and subclass definitions after further
23   discovery.

24   52.    PLAINTIFFS request that the Court certify subclasses for each of the four above-described
25   sub-classes.

26   ///

27   ///

28   ///

## CLASS ALLEGATIONS

53.   PLAINTIFFS allege that at all material times mentioned herein, they:

       i.  Were individuals who resided in the State of California;

     ii.  Were employed as a Educators, Key Holders, Store Managers, and/or Assistant Store Managers for LULULEMON in California;

   iii.  Did not receive minimum wages for hours worked as required by California law;

   iv.  Did not receive overtime pay as required by California law;

    v.  Did not receive a meal period as required by California law;

   vi.  Did not receive a rest period as required by California law;

  vii.  Did not receive all pay at the time of termination as required by California Law;

 viii.  Did not receive accurate wage statements as required by California Law;

   ix.  Did not receive all wages paid twice a month; and

    x.  Did not receive suitable and reasonable seating accommodations when the nature of the work reasonably permitted the use of seats, and / or did not receive suitable and reasonable seating accommodations when they were not engaged in the active duties of their employment, and the nature of the work required standing, and/ or were not provided with an adequate number of suitable seats placed in a reasonable proximity to the work area, and were not permitted to use such seats when it did not interfere with the performance of their duties.

   xi.  Did not receive vacation compensation at the time of termination as required by California law.

  xii.  Did not receive minimum wages for hours worked as required by Fair Labor Standards Act;

 xiii.  Did not receive overtime pay as required by the Fair Labor Standards Act;

 xiv.  Is a member of the CLASS as defined in paragraph 50 of this Complaint.

54.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure § 382, in that:

    a. **Numerosity:** The number of class members is great, believed to be in excess of 700 current and former employees. It therefore is impractical to join each class member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

    b. **Ascertainability:** Despite the size of the proposed classes, the class members are readily ascertainable through an examination of the records that LULULEMON is required by law to keep. Likewise, the dollar amount owed to each class member is readily ascertainable by an examination of those same records.

    c. **Common Questions Predominate:** Common questions of fact and of law predominate in the class member's claims over individual issues regarding the money owed to each class member. The questions include but are not limited to:

        i.   Whether DEFENDANT's policies and practices described in this complaint were and are illegal.

        ii.  Whether DEFENDANT failed to provide PLAINTIFFS, and other members of the Class, with minimum wage pay for all hours worked.

        iii. Whether DEFENDANT failed to provide PLAINTIFFS, and other members of the Class, with overtime pay for all overtime worked.

        iv.  Whether DEFENDANT failed to provide PLAINTIFFS, and other members of the Class, with meal periods.

        v.   Whether DEFENDANT failed to provide PLAINTIFFS, and other members of the Class, with second meal periods.

        vi.  Whether DEFENDANT failed to provide PLAINTIFFS, and other members of the Class, with rest periods.

        vii. Whether Defendant failed to provide PLAINTIFFS, and other members of the Class, with all pay owed at the time of termination.

        viii. Whether DEFENDANT failed to provide PLAINTIFFS, and other

1            members of the Class, with accurate wage statements.

2       ix.  Whether DEFENDANT failed to pay all wages owed to PLAINTIFFS,

3           and other members of the Class, twice a month.

4       x.  Whether DEFENDANT failed to provide suitable and reasonable seating

5           to PLAINTIFFS, and other members of the Class.

6       xi.  Whether DEFENDANT failed to provide PLAINTIFFS with all vacation

7           compensation earned by PLAINTIFF, as wages, at the time

8           PLAINTIFF's, and other members of the Class', employment

9           relationship, with DEFENDANT ended.

10      xii.  Whether DEFENDANT's conduct constituted unlawful, unfair, and/ or

11          fraudulent business practices.

12     xiii.  Whether DEFENDANT's conduct constitutes unfair competition.

13     xiv.  Whether DEFENDANT's employees are entitled to restitution of unpaid

14          wages.

15      xv.  Whether DEFENDANT's conduct was intentional.

16    d.  **Community of Interest:** There is a well-defined community of interest in the

17      questions of law and fact common to the class members.

18    e.  **Typicality:** PLAINTIFFS' claims are typical of the claims of the class members,

19      which claims arise from the same general operative facts, namely, DEFENDANT

20      did not abide by California Labor Code sections 201, 202, 203, 204, 208, 210,

21      226.7, 227.3, 510, 512, 1194, 1198 and, Title 8 Cal. Code Regs. § 11070,

22      California Civil Code Section 3336 and 3294, and California Business and

23      Professions Code Section 17200.

24    f.  **Superiority:** A class action is a superior method for the fair and efficient

25      adjudication of this controversy. The persons within the class are so numerous

26      that joinder of all of them is impracticable. The disposition of all claims of the

27      members of the class in a class action, rather than in individual actions, benefits

28      the parties and the Court. The interest of the class members in controlling the

Exhibit A - Page 43

1     prosecution of separate claims against DEFENDANT is small when compared

2     with the efficiency of a class action.

3     **g.**  **Adequacy:** The representative PLAINTIFFS in this class action are adequate

4     representative of the class, in that the representative PLAINTIFFS' claims are

5     typical of those of the class and the representative PLAINTIFFS have the same

6     interest in the litigation of this case as the class members. The representative

7     PLAINTIFFS are committed to vigorous prosecution of this case, and have

8     retained competent counsel, experienced in litigation of this nature. The

9     representative PLAINTIFFS are not subject to any individual defenses unique

10     from those conceivably applicable to the class as a whole. PLAINTIFFS have

11     also engaged counsel to who possess the requisite skill and experience to

12     adequately represent them and the CLASS.

13     **h.**  **Managability:** Although the number of class members is great, believed to be in

14     excess of 700 current and former employees, the matter is manageable as a class

15     action and the data required to establish liability and prove damages is readily

16     available.

17  55.    Without Class certification and determination of declaratory, injunctive, statutory and

18  other legal questions within the class format, prosecution of separate actions by individual

19  members of the CLASS will create the risk of:

20     **a.**  Inconsistent or Varying adjudications with respect to individual members of the

21     CLASS which would establish incompatible standards of conduct for the parties

22     opposing the CLASS; or,

23     **b.**  Adjudication with respect to individual members of the CLASS which would as a

24     practical matter be dispositive of the interests of the other members not party to

25     the adjudication or substantially impair or impede their ability to protect their

26     interests.

27  56.    LULULEMON has acted or refused to act on the grounds generally applicable to the

28  CLASS, thereby making final injunctive relief appropriate with respect to the CLASS.

1

2 **FIRST CAUSE OF ACTION:**

3 **FAILURE TO PROVIDE MEAL PERIODS**

4 **[Cal. Lab. Code §226.7 and 512]**

5 **(By Plaintiffs, and California members of the Class, against all Defendants)**

6 57.　　PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such

7 paragraphs herein by this reference, as though said paragraphs were set forth herein.

8 58.　　Cal. Lab. Code §§226.7 and 512 provide that no employer shall employ any person for a

9 work period of more than five (5) hours without a meal period of not less than 30 minutes.

10 59.　　Cal. Lab. Code §226.7 provides that if an employer fails to provide an employee a meal

11 period in accordance with this section, the employer shall pay the employee one (1) hour of pay at

12 the employee's regular rate of compensation for each five (5) hours of work that the meal period is

13 not provided.

14 60.　　DEFENDANT has intentionally and improperly denied meal periods to PLAINTIFFS, and

15 other members of the Class, in violation of Cal. Lab. Code §§226.7 and 512.

16 61.　　At all times relevant hereto, PLAINTIFFS, and other members of the Class, worked more

17 than five hours in a workday. At all relevant times hereto, DEFENDANT failed to provide meal

18 periods as required by Cal. Lab. Code §§226.7 and 512.

19 62.　　Cal. Lab. Code §§226.7 and 512 provide that no employer shall employ any person for a

20 work period of more than ten (10) hours without a second meal period of not less than 30 minutes.

21 63.　　Cal. Lab. Code §226.7 provides that if an employer fails to provide an employee a meal

22 period in accordance with this section, the employer shall pay the employee one (1) hour of pay at

23 the employee's regular rate of compensation for each workday that meal period is not provided.

24 64.　　By virtue of DEFENDANT's unlawful failure to provide second meal periods to

25 PLAINTIFFS, and other members of the Class, PLAINTIFFS, and other members of the Class,

26 have suffered, and will continue to suffer, damages in the amounts which are presently unknown

27 to them, but which exceed the jurisdictional limits of this Court and which will be ascertained

28 according to proof at trial.

1   65.    PLAINTIFFS are informed and believe, and based upon that information and belief allege,

2   that DEFENDANT, knew or should have known, that PLAINTIFFS, and other members of the

3   Class, were entitled to meal periods and second meal periods, but purposely elected not to provide

4   these mandated periods.

5   66.    PLAINTIFFS, and other members of the Class, are entitled to seek and recover reasonable

6   attorneys' fees and costs pursuant to Cal. Lab. Code §§226.7, 512 and 1194.

**SECOND CAUSE OF ACTION:**

**<u>FAILURE TO PROVIDE REST PERIODS</u>**

**<u>[Cal. Lab. Code §226.7]</u>**

**(By Plaintiffs, and California members of the Class, against all Defendants)**

11   67.    PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such

12   paragraphs herein by this reference, as though said paragraphs were set forth herein.

13   68.    Cal. Lab. Code §226.7 provides that employers shall authorize and permit employees to

14   take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

15   69.    Cal. Lab. Code §226.7 provides that if an employer fails to provide an employee rest

16   periods in accordance with this section, the employer shall pay the employee one (1) hour of pay

17   at the employee's regular rate of compensation for each workday that the rest period is not

18   provided.

19   70.    DEFENDANT has intentionally and improperly denied rest periods to PLAINTIFFS, and

20   other members of the Class, in violation of Cal. Lab. Code §§226.7 and 512.

21   71.    At all relevant times, PLAINTIFFS, and other members of the Class, worked more than

22   four hours in a workday. At all relevant times hereto, DEFENDANT failed to provide rest periods

23   as required by Cal. Lab. Code §§226.7 and 512.

24   72.    By virtue of DEFENDANT's unlawful failure to provide rest periods to them,

25   PLAINTIFFS, and other members of the Class, have suffered, and will continue to suffer,

26   damages in the amounts which are presently unknown to them, but which exceed the jurisdictional

27   limits of this Court and which will be ascertained according to proof at trial.

28

21

COMPLAINT

1  73.    PLAINTIFFS are informed and believe, and based upon that information and belief allege,

2  that DEFENDANT knew, or should have known, that PLAINTIFFS, and other members of the

3  Class, were entitled to rest periods but purposely elected not to provide these mandated periods.

4  74.    PLAINTIFFS, and other members of the Class, are entitled to seek and recover reasonable

5  attorneys' fees and costs pursuant to Cal. Lab. Code §§226.7, 512 and 1194.

6

7                        **THIRD CAUSE OF ACTION:**

8            **FAILURE TO PAY OVERTIME COMPENSATION**

9                    **[Cal. Lab. Code § 510, 1194, and 1198]**

10      **(By Plaintiffs, and California members of the Class, against all Defendants)**

11  75.    PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such

12  paragraphs herein by this reference, as though said paragraphs were set forth herein.

13  76.    Cal. Lab. Code § 510 provides that employees in California shall not be employed more

14  than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive

15  additional compensation beyond their regular wages in amounts specified by law.

16  77.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime

17  compensation, interest thereon, together with the costs of suit, and attorneys fees.  Cal. Lab. Code

18  § 1198 states that the employment of an employee for longer hours than those fixed by Industrial

19  Welfare Commission is unlawful.

20  78.    DEFENDANT intentionally and improperly did not pay PLAINTIFFS, and other members

21  of the Class, overtime pay and/ or did not properly pay PLAINTIFFS, and other members of the

22  Class, overtime wages in violation of the Cal. Lab. Code and Industrial Welfare Commission

23  requirements.

24  79.    PLAINTIFFS, and other members of the Class, regularly worked more than eight (8) hours

25  a day and/or more than forty (40) hours per week and DEFENDANT willfully failed to pay

26  PLAINTIFFS, and other members of the Class, overtime compensation for such overtime hours.

27  80.    PLAINTIFFS, and other members of the Class, on numerous occasions, worked for

28  DEFENDANT before PLAINTIFFS, and other members of the Class, had clocked in.

1   81.    PLAINTIFFS, and other members of the Class, on numerous occasions, worked numerous

2   hours for DEFENDANT after PLAINTIFFS, and other members of the Class, had clocked out.

3   82.    DEFENDANT knew, or should have known, that PLAINTIFFS, and all other members of

4   the Class, were forced to work off the clock in order to perform all required acts for

5   DEFENDANT.

6   83.    DEFENDANT acted and is acting intentionally, oppressively, and maliciously toward

7   PLAINTIFFS, and other members of the Class, with a conscious disregard of their rights, or the

8   consequences to them, with the intent of depriving them of property and legal rights and otherwise

9   causing them injury.

10  84.    PLAINTIFFS, and other members of the Class, request recovery of overtime compensation

11  according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§218.5 and

12  1194(a), as well as the assessment of any statutory damages and penalties against DEFENDANT

13  in a sum as provided by the Cal. Lab. Code and/or other relevant statutes.

14  85.    Further PLAINTIFFS, and other members of the Class, are entitled to seek and recover

15  reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§218.5 and 1194.

16

17                          **FOURTH CAUSE OF ACTION**

18                       **FAILURE TO PAY MINIMUM WAGES**

19                    **[Cal. Lab. Code § 1182.12, 1194, 1194.2, 1197]**

20          **(By Plaintiffs, and California members of the Class, against all Defendants)**

21  86.    PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such

22  paragraphs herein by this reference, as though said paragraphs were set forth herein.

23  87.    Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California

24  employer to suffer or permit an employee to work without paying wages for all hours worked, as

25  required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

26  88.    During all times relevant, IWC Wage Order No. 7-2001, governing the "Mercantile"

27  industry, applied to Plaintiffs and the Class members' employment with Defendants.

28

89.     Pursuant to Wage Order 7, section 2(G), "means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.."

90.     IWC Wage Order No. 7-2001, § 4 (A), require every employer to pay each employee minimum wages not less than $6.75 per hour effective January 1, 2002, $7.50 per hour effective January 1, 2007, and $8.00 per hour effective January 1, 2008 to the present time.

91.     During all times relevant, Class Members including Plaintiffs, have not been paid minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ 1182.12, 1194, 1194.2, and 1197, and IWC Wage Order No. 7-2001, § 4 (A)

92.     Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

93.     Class Members including Plaintiffs should have received minimum wages in a sum according to proof during all times relevant to this action.

94.     Defendants have intentionally failed and refused, and continues to fail and refuse, to pay Class Members including Plaintiffs minimum wages for all time suffered or permitted to work including training time.

95.     Plaintiffs on behalf of themselves and the Class request the recovery of the unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

///
///
///
///
///
///

**FIFTH CAUSE OF ACTION:**

**FAILURE TO PAY COMPENSATION AT TIME OF TERMINATION**

**[Cal. Lab. Code § 201, 202, 203, 208]**

**(By Plaintiffs, and California members of the Class, against all Defendants)**

96.     PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such paragraphs herein by this reference, as though said paragraphs were set forth herein.

97.     When PLAINTIFFS', and all other members of the Class, employment with DEFENDANT terminated, DEFENDANT failed to pay PLAINTIFFS, and all other members of the Class, for all compensation due and owing, (including, but not limited to, overtime compensation, vacation pay, bonus pay, commission pay, and pay for missed meal and rest periods. In addition, DEFENDANT failed to pay PLAINTIFFS, and other members of the Class, the 30 day waiting period penalty for not providing PLAINTIFFS, and other members of the Class, with all compensation due and owing at time the employment relationship between PLAINTIFFS, and other members of the Class, and DEFENDANT terminated.

98.     Because DEFENDANT willfully failed to pay wages earned by PLAINTIFFS, and other members of the Class, PLAINTIFFS, and other members of the Class, are entitled to the statutory maximum of thirty days of continuing wages under Labor Code Section 203.

99.     PLAINTIFFS, and other members of the Class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

**SIXTH CAUSE OF ACTION:**

**FAILURE TO INDEMNIFY AND REIMBURSE FOR EXPENDITURES OR LOSSES IN**

**DISCHARGE OF DUTIES**

**[Cal. Lab. Code §2802 et. seq.]**

**(By Plaintiffs, and California members of the Class, against all Defendants)**

100.     PLAINTIFFS refer to paragraphs 1 through 55, above, and hereby incorporate such paragraphs herein by this reference, as though said paragraphs were set forth herein.

25

COMPLAINT

1  101.    PLAINTIFFS were required by DEFENDANT, and each of them to use their own funds

2  for expenses associated with travelling to various locations on behalf of DEFENDANT.

3  102.    PLAINTIFFS were required by DEFENDANT to use their own funds for expenses

4  associated with phone calls on DEFENDANT's behalf.

5  103.    DEFENDANT has not reimbursed PLAINTIFFS and other members of the Class for their

6  expenditures on behalf of DEFENDANT.

7  104.    PLAINTIFFS are entitled to be paid damages in accordance with California Labor Code

8  Section 2802.

9  105.    PLAINTIFFS, and other members of the Class are entitled to seek and recover attorneys'

10  fees and costs pursuant to Cal. Lab. Code §§ 218.5, 1194.

11

12                     **SEVENTH CAUSE OF ACTION:**

13       **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

14              **[Cal. Lab. Code §226 et. seq.]**

15      **(By Plaintiffs, and California members of the Class, against all Defendants)**

16  106.    PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such

17  paragraphs herein by this reference, as though said paragraphs were set forth herein.

18  107.   DEFENDANT's failure to provide accurate itemized statements to which PALINTIFFS,

19  and other members of the Class, were entitled, was a violation of California Labor Code Section

20  226.

21  108.    DEFENDANT's failure to provide accurate itemized statements was willful, entitling

22  PLAINTIFFS to penalties under Labor Code Section 226.

23  109.    PLAINTIFFS, and other members of the Class, are entitled to seek and recover reasonable

24  attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

25  ///

26  ///

27  ///

28  ///

1

**EIGHTH CAUSE OF ACTION:**

2

**FAILURE TO PAY ALL WAGES TWICE EACH MONTH**

3

**[Cal. Lab. Code § 204]**

4

**(By Plaintiffs, and California members of the Class, against all Defendants)**

5   110.    PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such

6   paragraphs herein by this reference, as though said paragraphs were set forth herein.

7   111.    DEFENDANT on numerous occasions failed to pay PLAINTIFFS, and the other members

8   of the Class, all wages due and owing twice during each calendar month.

9   112.    Even though DEFENDANT knew that DEFENDANT was required to pay all wages twice

10  during each calendar month to PLAINTIFFS, and other members of the Class, DEFENDANT

11  failed to pay PLAINTIFFS, and other members of the Class all pay.

12  113.    By virtue of DEFENDANT's unlawful failure to pay PLAINTIFFS, and other members of

13  the Class, all wages twice during each calendar month, PLAINTIFFS, and other members of the

14  Class, have and will continue to suffer, damages in the amounts which are presently unknown to

15  them, but which exceed the jurisdictional limits of this Court and which will be ascertained

16  according to proof at trial.

17  114.    PLAINTIFFS, and the other members of the Class, are informed and believe, and based

18  upon that information and belief allege, that DEFENDANT knew, or should have known, that

19  PLAINTIFFS, and the other members of the Class, were entitled to receive all pay.

20  115.    PLAINTIFFS, and the other members of the Class, are informed and believe, and based

21  upon that information and belief allege, that despite that knowledge DEFENDANT purposely

22  elected not to provide this mandated compensation.

23  116.    PLAINTIFFS, and other members of the Class, are entitled to seek and recover attorneys'

24  fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

25  ///

26  ///

27  ///

28  ///

## NINTH CAUSE OF ACTION:

## FAILURE TO PROVIDE SUITABLE AND REASONABLE SEATING

### [Title 8 Cal. Code of Regulations §§11070 *et seq.*]

**(By Plaintiffs, and California members of the Class, against all Defendants)**

117.     PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporates such paragraphs herein by this reference, as though said paragraphs were set forth herein.

118.     DEFENDANT failed to provide PLAINTIFFS, and other members of the Class, suitable seats when the nature of the work permitted.

119.     In addition, DEFENDANT, did not provide an adequate number of suitable seats, placed in reasonable proximity to the work area, for PLAINTIFFS, and other members of the Class, to use while they were not engaged in the active duties of their employment and the nature of the work required standing.

120.     By virtue of DEFENDANT's failure to provide suitable and reasonable seats to them, PLAINTIFFS, and other members of the Class, have suffered, and will continue to suffer, damages in the amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

121.     PLAINTIFFS, and the other members of the Class, are informed and believe, and based upon that information and belief allege, that DEFENDANT knew, or should have known, that PLAINTIFFS, and the other members of the Class, were entitled to access to suitable and reasonable seating during their working hours for DEFENDANT.

122.     PLAINTIFFS, and the other members of the Class, are informed and believe, and based upon that information and belief allege, that despite that knowledge DEFENDANT purposely elected not to provide this mandated seating.

123.     PLAINTIFFS, and the other members of the Class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7, 1194.

///

///

///

## TENTH CAUSE OF ACTION:

### FAILURE TO PAY VACATION COMPENSATION AT TIME OF TERMINATION

### [Cal. Lab. Code § 227.3]

**(By Plaintiffs, and California members of the Class, against all Defendants)**

124.    PLAINTIFFS refer to paragraphs 1 through 56, above, and hereby incorporate such paragraphs herein by this reference, as though said paragraphs were set forth herein.

125.    DEFENDANT failed to pay PLAINTIFFS, and the other members of the Class, for all accumulated vacation time at the time PLAINTIFFS' employment was terminated with DEFENDANT.

126.    Even though DEFENDANT knew that DEFENDANT was required to pay all accumulated vacation time as wages at the time of termination to PLAINTIFFS, and other members of the Class, DEFENDANT failed to pay PLAINTIFFS, and other members of the Class accumulated vacation time as wages at the time of termination.

127.    By virtue of DEFENDANT's unlawful failure to pay PLAINTIFFS, and other members of the Class, all earned vacation time as wages at the time of termination, PLAINTIFFS, and other members of the Class, have and will continue to suffer, damages in the amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

128.    PLAINTIFFS, and the other members of the Class, are informed and believe, and based upon that information and belief allege, that DEFENDANT knew, or should have known, that PLAINTIFFS, and the other members of the Class, were entitled to receive all earned vacation time as wages at the time of termination.

129.    PLAINTIFFS, and the other members of the Class, are informed and believe, and based upon that information and belief allege, that despite that knowledge DEFENDANT purposely elected not to provide this mandated compensation.

130.    PLAINTIFFS, and other members of the Class, are entitled to seek and recover attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

### ELEVENTH CAUSE OF ACTION:

### CONVERSION CAL. CIVIL CODE §§ 3336, 3294

### [Cal. Civil Code §§3336, 3294]

**(By Plaintiffs, and California members of the Class, against all Defendants)**

131.   PLAINTIFFS incorporate the foregoing paragraphs by reference, as though said paragraphs were fully set forth herein.

132.   The Labor Code and other applicable law provide that wages become the property of the employees on the next pay day after they are earned. In failing to pay and retaining wages owed to PLAINTIFFS, and the other members of the Class, on and after the next pay day after they were owed, DEFENDANT wrongfully exercised dominion and control over monies otherwise owned by PLAINTIFFS, and the other members of the Class.

133.   As a direct and legal result of DEFENDANT's actions, PLAINTIFFS, and other members of the Class, have been damaged in an amount to be proven at trial.

134.   DEFENDANT's conduct, in converting the pay owed to PLAINTIFFS, and other members of the Class, pursuant to practices and policies that DEFENDANT knew violated applicable law, was willful, malicious, oppressive and done with conscious disregard of PLAINTIFFS', rights and the rights of other members of the Class, entitling PLAINTIFFS, and the other members of the Class, to punitive damages.

### TWELFTH CAUSE OF ACTION:

### UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. And Prof. Code §§17200 *et seq.*]

**(By Plaintiffs, and California members of the Class, against all Defendants)**

135.   PLAINTIFFS incorporate the foregoing paragraphs by reference, as though said paragraphs were fully set forth herein.

136.   DEFENDANT is a "person" as defined under Business & Professions Code section 17201.

137.   Each of the directors, officers, and/or agents of DEFENDANT are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in Business Professions Code section 17095.

138.    DEFENDANT provides services to the public as defined in Business & Professions Code sections 17022 and 17024.

139.    Upon information and belief, DEFENDANT willfully and wrongfully did not provide PLAINTIFFS, and other members of the Class, with payment of wages and other benefits in violation of Labor code section 1198, Penal Code sections 434 and 532 (obtaining labor through false pretenses), and California Code of Regulations (IWC Order and Guidelines).

140.    DEFENDANT has breached its obligations to PLAINTIFFS, and other members of the Class, by failing to satisfy or comply with California Labor Code Sections 201, 202, 203, 204, 208, 210, 226.7, 227.3, 510, 512, 1194, 1198,. In addition DEFENDANT violated Title 8 California Code or Regulations Section 11070; Section 14. Seats, and Industrial Welfare Commission Order No.7-2001; Section 14. Seats.

141.    Upon information and belief, DEFENDANT has under-reported to federal and state authorities wages actually earned by PLAINTIFFS, and other members of the Class, and therefore has underpaid state and federal taxes, employer matching funds, unemployment premiums, Medicare and worker's compensation premiums.  Such conduct is illegal under Business & Professions Code sections 17000 et seq. and 17200 et seq.

142.    Upon information and belief, by failing to pay all wages to PLAINTIFFS, and other members of the Class, and by failing to satisfy its obligations under the Labor Code, DEFENDANT has engaged in business within the State of California to sell services at less than cost as set forth and defined in Business & Professions Code sections 17026, 17029, and 17073 in violation of Business & Professions Code section 17043.  This is also an attempt to gain an unfair advantage over DEFENDANT's competitors, and cause injury to PLAINTIFFS, and other members of the Class, and the general public in an amount to be proven at trial, in violation of Business & Professions Code section 17047.

143.    Pursuant to Business & Professions Code sections 17071 and 17075, the failure of DEFENDANT to comply with the California Labor Code, and to pay overtime wages, related benefits, and employment taxes is evidence of DEFENDANT's intent to violate the Unfair Practices Act.

144.    By and through the unfair and unlawful business practices described herein,

DEFENDANT has obtained valuable property, money, and services from PLAINTIFFS, and other

members of the Class, and has deprived PLAINTIFFS, and other members of the Class, of

valuable rights and benefits guaranteed by law, all to their detriment.

145.    PLAINTIFFS, and other members of the Class, are entitled to, and do, seek such relief as

may be necessary to restore to them the money and property which DEFENDANT has acquired,

or of which PLAINTIFFS, and other members of the Class, have been deprived, by means of the

above described unfair and unlawful business acts and practices.

146.    Pursuant to Business & Professions Code section 17082, PLAINTIFFS, and other

members of the Class, request treble damages.

147.    Pursuant to Business & Professions Code sections 17078 and 17079, PLAINTIFFS, and

other members of the Class, seek injunctive relief in the form of an order prohibiting

DEFENDANT from violating California Labor Code sections 201, 202, 203, 204, 208, 210,

226.7, 227.3, 510, 512, 1194, 1198, and Title 8 California Code or Regulations Section 11070;

Section 14. Seats, and Industrial Welfare Commission Order No.7-2001; Section 14. Seats. Title 8

California Code of Regulations Section 11070, and Industrial Welfare Commission Wage Order

No. 7-2001.


### THIRTEENTH CAUSE OF ACTION:

### FAILURE TO PAY MINIMUM WAGES

### [Fair Labor Standards Act, 29 U.S.C. § 206]

**(By Plaintiffs, and United States members of the Class, against all Defendants)**

148.    PLAINTIFFS refers to paragraphs 1 through 56, above, and hereby incorporates such

paragraphs herein by this reference, as though said paragraphs were set forth herein.

149.    At all times relevant, Defendants have willfully and intentionally failed to pay Plaintiffs

and Class Members minimum wage as required by 29 U.S.C. § 206.

150.    Defendants engaged in this practice throughout the three-year statute of limitations that

applies to this action pursuant to 29 U.S.C. § 255.

151.    Therefore, at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Educators, Key Holders, Assistant Managers, and Store Managers, minimum compensation at the rates required by the FLSA, 29 U.S.C. § 206.  Through this unlawful course of conduct, Defendants have deprived Plaintiffs and Class Members of the hourly wages provided by the FLSA, 29 U.S.C. § 206(a)(1), currently $7.25 per hour.

152.    As alleged herein, Defendants do not pay Plaintiffs and Class Members a regular wage.  As a result, Defendants have failed to comply with 29 U.S.C. § 206 in that it fails to timely pay at least minimum wages for all hours worked to the Plaintiffs and Class Members.

153.    As a result of the unlawful acts of Defendants, Plaintiffs and Class Members and all FLSA Plaintiffs who opt-in are entitled to recovery in the amounts of their respective unpaid minimum wages, liquidated damages; prejudgment interest, attorneys' fees and costs, and any other relief the Court deems just and proper pursuant to FLSA, 29 U.S.C. § 216(b).

### FOURTEENTH CAUSE OF ACTION:

### FAILURE TO PAY REQUIRED OVERTIME WAGES

### [FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207; CFR § 778.106]

**(By Plaintiffs, and United States members of the Class, against all Defendants)**

154.    PLAINTIFFS refers to paragraphs 1 through 56, above, and hereby incorporates such paragraphs herein by this reference, as though said paragraphs were set forth herein.

155.    At all times relevant, Defendants employed and continues to employ "employee[s]" within the meaning of FLSA, 29 U.S.C. § 203.

156.    However, Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and Class Members overtime wages as required by 29 U.S.C. § 207.

157.    Defendants engaged in this practice throughout the three-year statute of limitations that applies to this action pursuant to 29 U.S.C. § 255.

158.   Therefore, at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Plaintiffs and Class Members overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess of forty (40) hours per workweek to which they were and are entitled.

159.   Pursuant to 29 CFR § 778.106, Defendants are required to pay overtime compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.  When the correct overtime compensation cannot be calculated until after the regular payday, then the FLSA requires that the overtime payment be made as soon after the regular payday as is practicable, but no later than the next pay day after the computation can be made.

160.   As alleged herein, Defendants do not pay Plaintiffs and Class Members overtime.  As a result, Defendants have failed to comply with 29 U.S.C. § 207(a)(1) and 29 CFR § 778.106 in that it fails to timely pay overtime wages to Plaintiffs and Class Members.

161.   At all times relevant, Defendants have also operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207.

162.   As a result of the unlawful acts of Defendants, Plaintiffs and all FLSA Class Members who opt-in are entitled to recovery in the amounts of their respective unpaid overtime wages, liquidated damages; prejudgment interest, attorneys' fees and costs, and any other relief the Court deems just and proper pursuant to FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS, and other members of the Class, pray for relief and judgment against DEFENDANTS as follows:

### Class Certification

1.   That the California Class be designated a Class Action and notice issued to all similarly situated individuals;

2.   That Plaintiffs be appointed as the representatives of the California Class Action; and

1    3. That counsel for Plaintiffs' be appointed as Counsel for the Nationwide Collective Class.

2    4. That the Nationwide Collective Class be designated a collective action and notice issued

3         pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to

4         permit them to assert timely FLSA claims in this action by filing individual Consents to

5         Sue pursuant to 29 U.S.C. § 216(b);

6    5. That Plaintiffs be appointed as the representatives of the Nationwide Collective Class; and

7    6. That counsel for Plaintiffs be appointed as Counsel for the Nationwide Collective Class.

8

9   **ON THE FIRST CAUSE OF ACTION**

10   1. One hour of pay for each five (5) hours of work in which a meal period was not provided;

11   2. For pre-judgment interest;

12   3. For statutory damages in an amount according to proof. Such statutory damages will

13       include, but are not necessarily limited to, damages based on compensation that should

14       have been paid to PLAINTIFFS, and other members of the Class; and

15   4. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

16       California statutes, including but not limited to, the California Labor Code and section

17       1194 thereof.

18

19   **ON THE SECOND CAUSE OF ACTION**

20   1. One hour of pay for each workday in which a rest period was not provided for each four

21       (4) hours of work;

22   2. For pre-judgment interest;

23   3. For statutory damages in an amount according to proof. Such statutory damages will

24       include, but are not necessarily limited to, damages based on compensation that should

25       have been paid to PLAINTIFFS, and other members of the Class; and

26   4. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

27       California statutes, including but not limited to, the California Labor Code and section

28       1194 thereof.

Exhibit A - Page 60

**ON THE THIRD CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code sections 510, 1194, and 1198;

2. For compensatory damages, including lost wages, commissions, bonuses and other losses, according to proof;

3. For general damages, according to proof;

4. For an award of interest, including prejudgment interest at the legal rate;

5. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFFS, and other members of the Class; and

6. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to California statutes, including but not limited to, the California Labor Code and section 1194 thereof.

**ON THE FOURTH CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code sections 1182.12, 1194, 1194.2 and, 1197;

2. For general and compensatory damages according to proof, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest;

3. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFFS, and other members of the Class;

4. For pre-judgment interest; and

5. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant

1     to California statutes, including but not limited to, the California Labor Code and section

2     1194 thereof.

3

4 **ON THE FIFTH CAUSE OF ACTION**

5    6. For a declaration that the business practices alleged herein are a violation of the public

6       policy of the State of California, including but not limited to, California Labor Code

7       sections 201, 202, 203, and 208;

8    7. For general and compensatory damages according to proof, including all actual,

9       consequential, and incidental losses, including, but not limited to, loss of income, together

10      with prejudgment interest;

11    8. For statutory damages in an amount according to proof. Such statutory damages will

12       include, but are not necessarily limited to, damages based on compensation that should

13       have been paid to PLAINTIFFS, and other members of the Class, such as, the statutory

14       waiting time penalty, and wages as defined by California Labor Code section 200;

15    9. For pre-judgment interest; and

16   10. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant

17       to California statutes, including but not limited to, the California Labor Code and section

18       1194 thereof.

19

20 **ON THE SIXTH CAUSE OF ACTION**

21    1. For a declaration that the business practices alleged herein are a violation of the public

22       policy of the State of California, and California Labor Code § 2802;

23    2. For Plaintiff's (and other similarly situated employees and former employees') general and

24       compensatory damages according to proof at trial, including all actual, consequential, and

25       incidental losses, including, but not limited to, loss of income, together with prejudgment

26       interest;

27    3. For statutory penalties in an amount to be proven at the time of trial;

28    4. For pre-judgment interest;

5. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to Labor Code section 218.5, 1194; and

6. For such other relief as this court may deem just and proper.

**ON THE SEVENTH CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code section 226 and 1174.5;

2. For general and compensatory damages according to proof, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest;

3. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFFS, and other members of the Class;

4. For pre-judgment interest; and

5. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to California statutes, including but not limited to, the California Labor Code and section 1194 thereof.

**ON THE EIGHTH CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, and California Labor Code § 204 .

2. For PLAINTIFFS', and other members of the Class, general and compensatory damages according to proof at trial, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest.

3. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFFS, and other members of the Class;

1    4.  For pre-judgment interest;

2    5.  For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

3         Labor Code section 1194; and

4    6.  For such other relief as this court may deem just and proper.

5

6  **ON THE NINTH CAUSE OF ACTION**

7    1.  For a declaration that the business practices alleged herein are a violation of the public

8         policy of the State of California, and Title 8 California Code of Regulations § 11070 and

9         Industrial Welfare Commission Wage Order 7-2001.

10   2.  For PLAINTIFFS', and other members of the Class, general and compensatory damages

11       according to proof at trial, including all actual, consequential, and incidental losses,

12       including, but not limited to, loss of income, together with prejudgment interest.

13   3.  For statutory damages in an amount according to proof. Such statutory damages will

14       include, but are not necessarily limited to, damages based on compensation that should

15       have been paid to PLAINTIFFS, and other members of the Class;

16   4.  For pre-judgment interest.

17   5.  For injunctive relief.

18   6.  For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

19       Labor Code section 1194; and

20   7.  For such other relief as this court may deem just and proper.

21

22  **ON THE TENTH CAUSE OF ACTION**

23   1.  For a declaration that the business practices alleged herein are a violation of the public

24       policy of the State of California, and California Labor Code § 227.3.

25   2.  For PLAINTIFFS', and other members of the Class, general and compensatory damages

26       according to proof at trial, including all actual, consequential, and incidental losses,

27       including, but not limited to, loss of income, together with prejudgment interest.

28   3.  For statutory damages in an amount according to proof. Such statutory damages will

1        include, but are not necessarily limited to, damages based on compensation that should

2        have been paid to PLAINTIFFS, and other members of the Class;

3    4.  For pre-judgment interest.

4    5.  For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

5        Labor Code section 1194; and

6    6.  For such other relief as this court may deem just and proper.

7

8  **ON THE ELEVENTH CAUSE OF ACTION**

9    1.  For general and compensatory damages according to proof, including all actual,

10       consequential, and incidental losses, including, but not limited to, loss of income, together

11       with prejudgment interest;

12    2.  For statutory damages in an amount according to proof. Such statutory damages will

13       include, but are not necessarily limited to, damages based on compensation that should

14       have been paid to PLAINTIFFS, and other members of the Class; and

15    3.  For Punitive damages.

16

17  **ON THE TWELFTH CAUSE OF ACTION**

18    1.  For restitution and disgorgement;

19    2.  For pre-judgment interest;

20    3.  For statutory damages in an amount according to proof. Such statutory damages will

21       include, but are not necessarily limited to, damages based on compensation that should

22       have been paid to PLAINTIFFS, and other members of the Class;

23    4.  For injunctive relief ordering the continuing unfair business acts and practices to cease, or

24       as the Court otherwise deem just and proper; and

25    5.  For other injunctive relief ordering DEFENDANT to notify the CLASS that they have not

26       been paid the proper amounts required in accordance with California law.

27

28

**ON THE THIRTEENTH CAUSE OF ACTION**

1. For general unpaid wages at overtime wage rates;

2. For liquidated damages equal to the amount of unpaid compensation;

3. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

4. For reasonable attorney's fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b); and

5. For such other and further relief as the Court may deem appropriate.

**ON THE FOURTEENTH CAUSE OF ACTION**

1. For general unpaid minimum wages;

2. For liquidated damages equal to the amount of unpaid compensation;

3. For pre-judgment interest on any unpaid minimum wages from the date such amounts were due;

4. For reasonable attorney's fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b); and

5. For such other and further relief as the Court may deem appropriate.

DATED: October 9, 2012                The Law Offices of Pawel R. Sasik

By
    Pawel R. Sasik
    Attorney for Plaintiffs, as an individual and
    on behalf of all others similarly situated.

 **CT Corporation**

**Service of Process Transmittal**
11/02/2012
CT Log Number 521535699

**TO:**  David Negus, Comptroller
Lululemon
400-1818 Cornwall Ave
Vancouver, BC V6J 1C7

**RE:**  **Process Served in California**

**FOR:**  Lululemon USA Inc. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rebekah Geare, etc. and Rain Mitchell, etc., Pltfs. vs. Lululemon USA Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Mailing/Service List |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC493741 |
| **NATURE OF ACTION:** | Employee Litigation - Notice of Claims Seeking Penalties pursuant to California Labor Code Section 2698, et seq. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/02/2012 postmarked on 10/31/2012 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Pawel R. Sasik<br>The Law Offices of Pawel R. Sasik<br>5350 Topanga Canyon Boulevard<br>Woodland Hills, CA 91364<br>310-571-5206 |
| **REMARKS:** | Document checked to indicate intended entity |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex International Economy , 794002236984<br>Email Notification, David Chau dchau@lululemon.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  2 / FG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/02/2012
CT Log Number 521535699

**TO:** David Negus, Comptroller
Lululemon
400-1818 Cornwall Ave
Vancouver, BC V6J 1C7

**RE:** **Process Served in California**

**FOR:** Lululemon USA Inc. (Domestic State: NV)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Cover Sheet, Addendum and Statement, Notice, ADR Information Package, Complaint | By Process Server on 10/22/2012 at 13:25 | David Negus, Comptroller Lululemon | 521460059 |

Page 2 of  2 / FG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

THE LAW OFFICES OF

# PAWEL R. SASIK

Main Office: 5350 Topanga Canyon Boulevard, Woodland Hills, California 91364*
Phone: (310) 571-5206

October 29, 2012

## VIA CERTIFIED MAIL
(Please see the attached "Mailing/Service List")

9414 7112 0108 0719 3639 35

CERTIFIED MAIL
TRACKING NUMBER

**Addressees:**

1. **Lululemon USA Inc. c/o CT Corporation System,** 818 W Seventh St, Los Angeles California 90017

**Additional Addressee:**

1. State of California Labor & Workforce Development Agency: Marty Morgenstern:

> **Re:** **Notice of Claims Seeking Penalties Pursuant to California Labor Code Section 2698, et seq.**
> Geare and Mitchell v. Lululemon USA Inc.

Dear Addressees,

Rebekah Geare ("GEARE") and Rain Mitchell ("MITCHELL"), collectively ("PLAINTIFFS"), have retained my firm and the Law Office of Andrew Sokolowski to represent them regarding the matters set forth below, and I am providing this notice on their behalf.

Pursuant to Labor Code sections 2698 et seq., including, but not limited to sections 2699, 2699.3, and 2699.5, this letter is notice of PLAINTIFFS' intent to seek penalties against DEFENDANT, as DEFENDANT is defined below, pertaining to violations of various laws, statutes and rules & regulations as they pertain to PLAINTIFFS and other similarly situated current employees and former California employees of LULULEMON USA INC.

LULULEMON USA Inc., hereinafter ("LULULEMON" or "DEFENDANT") is a Corporation organized and existing under the laws of the State of Nevada. LULULEMON is registered to do business in California and may be served with process by serving its registered agent for service of process, C T Corporation System 818 West Seventh Street, Los Angeles, California 90017.

DEFENDANT violated Labor Code sections 201, 202, 203, 204, 206, 207, 208, 210, 212, 226, 226(a), 226(c), 226(e), 226.7, 227.3, 510, 512, 551, 552, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1198 and 2802. In addition, DEFENDANT violated Title 8 Cal. Code of Regulations section 11070, Sections: 3. Hours and Days of Week, 4. Minimum Wages, 5. Reporting Time Pay, 7. Records, 11. Meal Periods, 12. Rest Periods, 14. Seats, 22. Posting of Order, DEFENDANT also violated the Industrial Welfare Commission Order No. 7-2001, Sections: 3. Hours and Days of Week, 4. Minimum Wages, 5. Reporting Time Pay, 7. Records, 11. Meal Periods, 12. Rest Periods, 14. Seats, 22. Posting of Order.

PLAINTIFFS are, and, at all times mentioned herein were, residents of Los Angeles County, California, and employees of DEFENDANT, at one of DEFENDANT's numerous retail store locations. DEFENDANT operates approximately 30 retail locations across California. Each location employs many retail workers at any given time.

In approximately July of 2011 GEARE entered into an employment agreement with DEFENDANT, the substance and essential terms of which were that (1) GEARE would be hired as an Educator for DEFENDANT, (2) GEARE would earn $ 12.00 per hour, and (3) GEARE would receive additional compensation, including but not limited to, company benefits, bonus pay, commission pay and vacation compensation. Other similarly situated employees and former employees entered into similar contracts with DEFENDANT. DEFENDANT did, in fact, hire GEARE (and other similarly situated employees and former employees), and GEARE worked for DEFENDANT, at DEFENDANT's place of business, per the employment agreement. During the agreement, GEARE satisfied her duties pursuant to the employment agreement. During GEARE's (and similarly situated employees' and former employees') employment with DEFENDANT, GEARE's (and similarly situated employees and former employees) responsibilities included, assisting customers with purchases, assisting in daily retail operations, and other retail related services.

During GEARE's (and similar situated employees' and former employees') employment with DEFENDANT, and under DEFENDANT's, instruction, GEARE (and similarly situated employees and former employees) satisfactorily performed all of GEARE's (and similarly situated employees' and former employees') agreed upon duties and contractual obligations. GEARE (and similarly situated employees and former employees) worked more than 50% of her (their) working hours performing non-managerial activities. GEARE (and similarly situated employees and former employees) did not: (1) primarily engage in the management of LULULEMON or a customarily recognized department or subdivision thereof; (2) customarily and regularly direct the work of at least two other full-time employees or the equivalent; (3) did not have the authority to hire and fire other employees; (4) customarily and regularly exercise discretion and independent judgment in the performance of employee's duties; and (5) spend less than 50% of her (their) work time engaged in non-managerial work. GEARE (and similarly situated employees and former employees) routinely entered the hours she (they) worked to track and record her (their) time per DEFENDANT's tracking system.

In approximately March of 2010 MITCHELL entered into an employment agreement with DEFENDANT, the substance and essential terms of which were that (1) MITCHELL would be hired as an Educator for DEFENDANT, (2) MITCHELL would earn $ 11.00 per hour, and (3) MITCHELL would receive additional compensation, including but not limited to, company benefits, bonus pay, commission pay and vacation compensation. Other similarly situated employees and former employees entered into similar contracts with DEFENDANT. DEFENDANT did, in fact, hire MITCHELL (and other similarly situated employees and former employees), and MITCHELL worked for DEFENDANT, at DEFENDANT's place of business, per the employment agreement. During the agreement, MITCHELL satisfied her duties pursuant to the employment agreement. During MITCHELL's (and similarly situated employees' and former employees') employment with DEFENDANT, MITCHELL's (and similarly situated employees and former employees) responsibilities included, assisting customers with purchases, assisting in daily retail operations, and other retail related services.

During MITCHELL's (and similar situated employees' and former employees') employment with DEFENDANT, and under DEFENDANT's, instruction, MITCHELL (and similarly situated employees and former employees) satisfactorily performed all of MITCHELL's (and similarly situated employees' and former employees') agreed upon duties and contractual obligations. MITCHELL (and similarly situated employees and former employees) worked more than 50% of her (their) working hours performing non-managerial activities. MITCHELL (and similarly situated employees and former employees) did not: (1) primarily engage in the management of LULULEMON or a customarily recognized department or subdivision thereof; (2) customarily and regularly direct the work of at least two other full-time employees or the equivalent; (3) did not have the authority to hire and fire other employees; (4) customarily and regularly exercise discretion and independent judgment in the performance of employee's duties; and (5) spend less than 50% of her (their) work time engaged in non-managerial work. MITCHELL (and similarly situated employees and former employees)

routinely entered the hours she (they) worked to track and record her (their) time per DEFENDANT's tracking system.

In approximately August of 2010 MITCHELL was promoted by Defendant, and entered into an employment agreement with DEFENDANT, the substance and essential terms of which were that (1) MITCHELL would be hired as a Key Holder for DEFENDANT, (2) MITCHELL would earn $ 13.00 per hour, and (3) MITCHELL would receive additional compensation, including but not limited to, company benefits, bonus pay, commission pay and vacation compensation.  Other similarly situated employees and former employees entered into similar contracts with DEFENDANT. DEFENDANT did, in fact, hire MITCHELL (and other similarly situated employees and former employees), and MITCHELL worked for DEFENDANT, at DEFENDANT's place of business, per the employment agreement. During the agreement, MITCHELL satisfied her duties pursuant to the employment agreement.  During MITCHELL's (and similarly situated employees' and former employees') employment with DEFENDANT, MITCHELL's (and similarly situated employees and former employees) responsibilities included, assisting customers with purchases, assisting in daily retail operations, and other retail related services.

During MITCHELL's (and similar situated employees' and former employees') employment with DEFENDANT, and under DEFENDANT's, instruction, MITCHELL (and similarly situated employees and former employees) satisfactorily performed all of MITCHELL's (and similarly situated employees' and former employees') agreed upon duties and contractual obligations. MITCHELL (and similarly situated employees and former employees) worked more than 50% of her (their) working hours performing non-managerial activities. MITCHELL (and similarly situated employees and former employees) did not: (1) primarily engage in the management of LULULEMON or a customarily recognized department or subdivision thereof; (2) customarily and regularly direct the work of at least two other full-time employees or the equivalent; (3) did not have the authority to hire and fire other employees; (4) customarily and regularly exercise discretion and independent judgment in the performance of employee's duties; and (5) spend less than 50% of her (their) work time engaged in non-managerial work.  MITCHELL (and similarly situated employees and former employees) routinely entered the hours she (they) worked to track and record her (their) time per DEFENDANT's tracking system.

GEARE and MITCHELL no longer work for DEFENDANT.

Although DEFENDANT provided PLAINTIFFS (and similarly situated employees and former employees) with some compensation during PLAINTIFFS' (and similarly situated employees' and former employees') employment, DEFENDANT, on numerous occasions, paid PLAINTIFFS (and similarly situated employees and former employees) at an hourly rate that was lower than the agreed upon rate and/or at a rate that did not reflect overtime worked by PLAINTIFFS (and similarly situated employees and former employees). Additionally, DEFENDANT did not pay PLAINTIFFS overtime, and did not provide them with agreed-upon benefits and other compensation.

DEFENDANT did not pay PLAINTIFFS (and similarly situated employees and former employees) twice during each calendar month, on days designated in advance by the employer as the regular paydays. DEFENDANT did not pay for labor performed between the 1st and 15th days, inclusive, of any calendar month between the 16th and the 26th day of the month during which the labor was performed, nor did DEFENDANT pay for labor performed between the 16th and the last day, inclusive, of any calendar month, between the 1st and 10th day of the following month.

DEFENDANT, did not pay PLAINTIFFS (and similarly situated employees and former employees) all pay due and owing twice during each calendar month.

3 of 7

Additionally, DEFENDANT did not, semimonthly or at the time of each payment of wages, furnish PLAINTIFFS (and similarly situated employees and former employees), with an accurate itemized statement in writing showing gross wages earned, total hours worked by PLAINTIFFS, (and similarly situated employees and former employees) all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and his or her social security number (or the last four digits of his or her social security number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

During PLAINTIFFS' (and similarly situated employees' and former employees') employment with DEFENDANT, DEFENDANT often required PLAINTIFFS (and similarly situated employees and former employees) to work for more than forty (40) hours per week and more than eight (8) hours per day. On numerous occasions PLAINTIFFS' (and similarly situated employees' and former employees') time worked and time recorded (on time sheets) exceeded forty (40) hours per week and eight (8) hours per day, and even though DEFENDANT was aware of the overtime PLAINTIFFS (and similarly situated employees and former employees) had worked, DEFENDANT failed to pay PLAINTIFFS (and similarly situated employees and former employees) proper and accurate overtime pay, despite the requirements of California law.

On numerous occasions, DEFENDANT would require PLAINTIFFS (and similarly situated employees and former employees) to work off-the-clock for DEFENDANT and DEFENDANT did not pay PLAINTIFFS (and similarly situated employees and former employees) for the off-the-clock work performed.

DEFENDANT required PLAINTIFFS (and similarly situated employees and former employees) to report to their scheduled shifts 10 minutes early without pay. DEFENDANT also required PLAINTIFFS (and similarly situated employees and former employees) to attend various events and promotions for DEFENDANT's benefit without compensating PLAINTIFFS for all time worked. Furthermore, DEFENDANT also required PLAINTIFFS to call other employees outside of their regularly scheduled hours, and without pay, in order to arrange and schedule their shifts.

During PLAINTIFFS' (and similarly situated employees' and former employees') employment with DEFENDANT, DEFENDANT often required PLAINTIFFS (and similarly situated employees and former employees) to work through rest periods and meal breaks, such that PLAINTIFFS (and similarly situated employees and former employees) did not receive their rest periods or meal breaks. PLAINTIFFS (and similarly situated employees and former employees) did not receive their rest periods or meal breaks even though DEFENDANT was aware that PLAINTIFFS (and similarly situated employees and former employees) were not receiving such rest periods and meal breaks. Despite such knowledge on the part of DEFENDANT, DEFENDANT failed to pay PLAINTIFFS (and similarly situated employees and former employees) penalties, despite the requirements of California law.

During PLAINTIFFS' (and similarly situated employees' and former employees') employment with DEFENDANT, PLAINTIFFS (and similarly situated employees and former employees) incurred costs, expenses and losses, on DEFENDANT's behalf, while performing work for DEFENDANT. DEFENDANT knew, or should have known, that PLAINTIFFS incurred costs, expenses, and losses on its behalf, and to its benefit, and did not reimburse PLAINTIFFS for their costs, expenses and losses.

On numerous occasions, DEFENDANT would require PLAINTIFFS (and similarly situated employees and former employees) to not clock in before the beginning of a work day to avoid having PLAINTIFF (and similarly situated employees and former employees) work more than (8) hours per day and or (40) hours per