[COUNSEL LISTED ON FOLLOWING PAGE]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH GEARE, an individual; RAIN MITCHELL, an individual; on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LULULEMON USA INC., and DOES 1-100, inclusive,<br><br>Defendant. | CASE NO.  2:12-cv-09996-SJO-JEM<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Filed:     October 12, 2012<br>Removed: November 21, 2012 |

WEST\240662853.1

[PROPOSED] STIPULATED PROTECTIVE ORDER

MARIA RODRIGUEZ (SBN 194201)
maria.rodriguez@dlapiper.com
KATHARINE J. LIAO (SBN 255157)
katharine.liao@dlapiper.com
MICHELLE S. KUNIHIRO (SBN 271969)
michelle.kunihiro@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3000
Fax: 310.595.3334

MERRILL F. STORMS, JR. (SBN 78333)
rick.storms@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
LULULEMON USA INC.

PAWEL R. SASIK (SBN 240672)
PawelSasik@gmail.com
THE LAW OFFICES OF PAWEL R. SASIK
5350 Topanga Canyon Boulevard
Woodland Hills, California 91364
Tel: (310) 571-5206

ANDREW J. SOKOLOWSKI (SBN 226685)
SoksEsq@att.net
THE LAW OFFICE OF ANDREW J. SOKOLOWSKI
21250 Hawthorne Boulevard, Suite 500
Torrance, California 90503
Tel: (310) 210-5610
Fax: (866) 489-0330

Attorneys for Plaintiffs
REBEKAH GEARE AND RAIN MITCHELL

Plaintiffs REBEKAH GEARE and RAIN MITCHELL ("Plaintiffs") and Defendant LULULEMON USA INC. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record in the above-entitled action, hereby STIPULATE AND AGREE, and accordingly request, that the Court enter the following Stipulated Protective Order ("Order"):

**1.    PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2.    DEFINITIONS**

2.1   <u>Party</u>:  Rebekah Geare, Rain Mitchell, lululemon USA Inc., or class action member or party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Document</u>: is defined as the term is used in Federal Rule of Civil Procedure 34(a).

2.3   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4     "Confidential" Information or Items:  any Disclosure or Discovery Material that is Protected Material and qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c).  Counsel shall not designate any Disclosure or Discovery Material as "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates Disclosure or Discovery Materials as "CONFIDENTIAL."

2.8     Protected Material:  any Disclosure or Discovery Material that is non-public and has been designated as "CONFIDENTIAL," such as (1) proprietary information and specifications, including without limitation trainings, orientation materials, employee handbooks, sales information, payroll and budget information, bonus payment calculations, and profit and loss documents; (2) trade secrets; (3) confidential know-how; (4) proprietary business and financial information; (5) social security numbers, personal financial information, tax returns, driver's license numbers, medical records, addresses, telephone numbers, private personnel information, and other personal or private information; and (6) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the entity from which the information is obtained or of a third-party not a Party to this Action. The Parties will use reasonable care to avoid designating as "Protected Material" any Disclosure or Discovery Material that is in the public domain or does not fall into categories 1 through 6 of this subparagraph.

2.9     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.10    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and contractors.  Professional Vendors includes a professional jury or trial consultant retained in this litigation.

**3.     SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to, or in, Court or in other settings that might reveal Protected Material, to the extent provided by law, including federal, state, and local rules.  The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order regarding such use.

**4.     DURATION**

4.1     Effective Date.  Upon the signing of this Stipulation and Protective Order by the Court, this Protective Order shall apply as of the effective date and retroactively to all Protected Material produced in this litigation.  The Parties agree to abide by the terms of this Order prior to its approval by the Court and whether or not it is ultimately approved by the Court.

4.2     Effectiveness After Termination of Litigation.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

  4.3 <u>Jurisdiction</u>.  This Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final termination of the Action.

**5.** **DESIGNATING PROTECTED MATERIAL**

  5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine designations are prohibited.

  5.2 <u>Withdrawal of Designation</u>. If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

  5.3 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    5.3.1 <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must designate Protected Material as "CONFIDENTIAL" in accordance with the preceding paragraph.

    5.3.2 <u>for testimony given in deposition or in other pretrial proceedings</u>, a Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or, when it is impractical to specify portions entitled to protection, may simply invoke the right to designate specific portions as "CONFIDENTIAL." Following the deposition, the Designating Party shall have thirty (30) days after the transcript becomes available to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order, and those portions shall be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. Prior to the expiration of the thirty (30) day period, the transcript shall be treated as "CONFIDENTIAL."

    5.3.3 <u>for information produced in some form other than documentary</u>, including without limitation electronic and/or via CD-ROM or disc,

<u>and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container(s) or disc in which the information or item is stored the legend "CONFIDENTIAL"  The entirety of the data contained therein shall be treated as if each individual document resident therein were so marked, and any excerpts printed from any such electronically stored data shall be identified by the printing Party using the excerpt as "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.4   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5   <u>Inconsistent Designations</u>.  In the event a Party or non-party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the more restrictive designation on any copy once the inconsistent designation is known, pending resolution of the issue. Whichever Party or non-party (or its, his, or her counsel) first discovers such inconsistent designation shall promptly contact counsel for the other Party or non-party, whereupon counsel for the Parties or non-parties shall meet and confer in good faith to try to resolve which designation should apply to the inconsistently designated document(s).  If counsel cannot agree to resolve the inconsistent

designation, such dispute shall be treated as a challenge to the more restrictive designation and resolved as provided in paragraph 6 of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.2 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, pursuant to the rules of this Court (including local joint stipulation requirements), file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

6.3 <u>Burden on the Designating Party</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**7.    NOTICED MOTIONS AND FILING PROTECTED MATERIAL**

Pursuant to this Court's Standing Order and the Central District of California Local Rules:

7.1    <u>Meet and Confer Requirement.</u>  If a Party wishes to file in court a document containing information that another Party has designated "CONFIDENTIAL" pursuant to this Order, the Party filing the document (the "Filing Party") must give the Party that designated the material "CONFIDENTIAL" at least seven (7) calendar days' notice, informing the Designating Party which specific documents or information the Filing Party intends to file with the Court and the date of the anticipated filing.  No fewer than four (4) calendar days prior to the anticipated filing, the Designating Party must inform the Filing Party which of the identified material it intends to move to seal.  This subsection applies to any noticed motion or opposition to a noticed motion.

7.2    <u>Filing Documents.</u>  The Parties will comply with Central District of California Local Rule 79-5.1 when filing documents under seal.  To the extent that any provision of this Order may be construed as inconsistent with the Local Rules, the Local Rules shall govern.  If the Designating Party informs the Filing Party that it intends to move to seal certain information, the Filing Party must submit a public version of the document that redacts only the specific information that the Designating Party seeks to seal.  The Filing Party must also lodge conditionally under seal unredacted versions of the document with the Court.  This subsection applies to any noticed motion or opposition to a noticed motion.

7.3    <u>Timing of Applications to Seal.</u>  If the Designating Party wishes to seal certain information, it must file an application to seal on or before the date the Filing Party files the document containing the confidential information.  This subsection applies to any noticed motion or opposition to a noticed motion.

7.4    <u>Filings Other Than Noticed Motions or Oppositions to Noticed</u>

Motions.  A Party filing any document other than a noticed motion or opposition to a noticed motion need not inform the Designating Party which material it intends to file with the Court.  If a Filing Party files a document other than a noticed motion or opposition to a noticed motion that includes information another Party has designated "CONFIDENTIAL," the Filing Party must redact all of the other Party's confidential information from the publicly-available version and lodge conditionally under seal unredacted copies with the Court.  If the Designating Party seeks to have any of the information sealed, it must file an application to seal within four (4) calendar days.  If no application to seal is received, the Court will reject the filing and give the Filing Party two (2) days to re-file unredacted versions of the documents.

   7.5   Applications to File Under Seal.  For each individual document or piece of information a Party wishes to seal, the application to seal must explain why good cause (if the motion is not case-dispositive) or compelling reasons (if the motion is case-dispositive) exist to seal that particular document or piece of information.  Conclusory statements – such as that the information contains "confidential, sensitive financial information" – are insufficient to establish good cause or compelling reasons.  For each individual document, the Party applying to seal the document must explain what adverse consequences would occur if the document were made public.  If the Court denies the application to seal, the Court will instruct the Party that filed the document to file an unredacted copy of the document within two (2) days of the Court's order.

   7.6   Noticed Motions in Cases with Protective Orders.  Because the Parties have entered into this Order, noticed motions must be noticed at least thirty-five (35) days before the hearing date.

   7.7   Filing a Party's Own Protected Material.  Any Party that wishes to file its own Protected Material with the Court and have that information sealed must

submit an application to seal concurrently with the filing of the document containing the Protected Material.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below ("FINAL DISPOSITION").

8.2 <u>Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

    8.3.1 the Receiving Party's Counsel of record in this action, as well as employees and/or staff of said Counsel to whom it is reasonably necessary to disclose the information;

    8.3.2 In-House Counsel and their employees and/or staff to whom disclosure is reasonably necessary;

    8.3.3 named Plaintiffs and the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

    8.3.4 third party actual or potential insurers and indemnitors and their counsel;

        8.3.5    experts (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        8.3.6    the Court and its personnel;

        8.3.7    court reporters, and their staffs to whom disclosure is reasonably necessary;

        8.3.8    Professional Vendors to whom disclosure is reasonably necessary;

        8.3.9    during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

        8.3.10    the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Materials designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the

...

existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Unless the Designating Party seeks such protection and serves timely notice of the same to the Receiving Party prior to the production date specified in the subpoena or order, the Receiving Party may, in its own discretion, comply with the subpoena or order.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons return the Protected Material and execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party and all others bound by the "Acknowledgment and Agreement to be Bound" must, to the extent reasonably practicable, destroy all Protected Material or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the

Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, also to the Designating Party) by the sixty day deadline that verifies all the Protected Material that was returned or destroyed and that affirms that the Receiving Party, to the extent reasonably practicable, has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts (including deposition transcripts and exhibits thereto), legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 ("DURATION"), above.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another Party, such Party shall promptly return the information to the claiming Party or person and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal). The Party returning such material may then move the Court for an order compelling production of the material, which shall be filed under seal, and

said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

### 13. RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future.

### 14. RIGHT TO ASSERT OBJECTIONS

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to the proposed introduction into evidence of any of the Protected Material covered by this Order.

### 15. MODIFICATIONS

This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *sua sponte* in the interest of justice.

**IT IS SO STIPULATED.**

Dated: March 8, 2013    **DLA PIPER LLP (US)**

By /s/ Katharine J. Liao
KATHARINE J. LIAO
Attorneys for Defendant
LULULEMON USA INC.

| | | |
|---|---|---|
| 1 | Dated: March 8, 2013 | **THE LAW OFFICE OF PAWEL R. SASIK** |
| 2 | | |
| 3 | | By /s/ Pawel R. Sasik |
| 4 | | PAWEL R. SASIK<br>Attorneys for Plaintiffs |
| 5 | | REBEKAH GEARE AND RAIN MITCHELL |
| 6 | | |
| 7 | Dated: March 8, 2013 | **THE LAW OFFICE OF ANDREW J. SOKOLOWKI** |
| 8 | | |
| 9 | | By /s/ Andrew J. Sokolowski |
| 10 | | ANDREW J. SOKOLOWSKI<br>Attorneys for Plaintiffs |
| 11 | | REBEKAH GEARE AND RAIN MITCHELL |

This Stipulated Protective Order of the parties is hereby approved.

**IT IS SO ORDERED.**

Dated: March 27, 2013          */s/John E. McDermott*

                              John E. McDermott, U.S. Magistrate Judge

WEST\240662853.1                    -15-
[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Geare v. lululemon USA Inc.,* Case No. 2:12-cv-09996-SJO-JEM.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
            [printed name]

Signature:   _____
            [signature]