PAWEL R. SASIK (SBN 240672)
PawelSasik@gmail.com
**THE LAW OFFICES OF PAWEL R. SASIK**
5350 Topanga Canyon Boulevard
Woodland Hills, California 91364
Tel.: (310) 571-5206

ANDREW J. SOKOLOWSKI (SBN 226685)
andrew@sokolawfirm.com
**THE LAW OFFICE OF ANDREW J. SOKOLOWSKI**
2276 Torrance Boulevard
Torrance, California 90501
Tel.: (424) 254-8817
Fax: (866) 489-0330

RHETT T. FRANCISCO (SBN 232749)
rhett_francisco_law@yahoo.com
**THE LAW OFFICES OF RHETT T. FRANCISCO**
5350 Topanga Canyon Boulevard
Woodland Hills, California 91364
Tel.: (818) 319-9879
Fax: (888) 390-4816

Attorneys for Plaintiffs
REBEKAH GEARE and RAIN MITCHELL

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH GEARE, an individual; RAIN MITCHELL, an individual; on behalf of themselves, on behalf of all others similarly situated, and as aggrieved employees under the California Private Attorney General Act,<br><br>Plaintiffs,<br><br>v.<br><br>LULULEMON USA INC., and DOES 1-100, inclusive,<br><br>Defendant. | CASE NO. CV 12-9996-SJO (JEMx)<br><br>**ORDER GRANTING:**<br><br>**(1) FINAL APPROVAL OF CLASS SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; AND**<br>**(2) AN AWARD OF ATTORNEYS' FEES AND COSTS AND PLAINTIFFS' SERVICE AWARDS**<br><br>DATE: August 14, 2014<br>TIME: 10:00 a.m.<br>CTRM.: 1<br><br>Assigned to the Honorable S. James Otero |

-1-

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs' concurrently-filed Motions for (a) Final Approval of Class Settlement and Approval of PAGA Settlement ("Final Approval Motion") and (b) An Award of Attorneys' Fees and Costs and Plaintiffs' Service Awards ("Fee Motion") came before this Court on August 14, 2014. The proposed settlement in this case was preliminarily approved by this Court on February 6, 2014. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court hereby grants final approval of the Class Settlement based upon the terms set forth in the Preliminary Approval Order (ECF No. 79) and the Revised Stipulation of Settlement and Release Between Plaintiffs and Defendants ("Settlement"; ECF No. 72-1) filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Class.

1. The Court finds that this action satisfies the requirements of Rule 23 and further finds that the Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

2. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, the request for service awards to the Named Plaintiffs, claims administrator costs, and Class Counsel's motion for an award of attorneys' fees and

costs.

3. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4. The Court has concluded that the Settlement is fair, reasonable, and adequate under state and federal laws. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $450,000 Gross Settlement Amount provided for in the Settlement.

5. Out of the 2,573 identified Class Members who were notified, none has objected to any aspect of the proposed settlement and only 6 have requested exclusion. The reaction of the Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

6. The Settlement is HEREBY APPROVED in its entirety.

7. The Settlement Fund shall be dispersed in accordance with the Settlement as detailed in the Renewed Motion for Preliminary Approval of Class Settlement and Approval of PAGA Settlement, granted on February 6, 2014.

8. Representative Plaintiffs Rebekah Geare and Rain Mitchell are hereby awarded $3,500 each for their time and effort in pursuing this litigation.

9. Plaintiffs' Counsel's application for Attorneys' fees in the amount of $90,000.00, and costs in the amount of $11,159.49 is hereby granted in accordance with *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007)*; Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003); and *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).

10. KCC Class Action Services, LLC is confirmed as the Claims Administrator. In addition, the Court finds that good cause exists to increase the claims administration costs from $23,000.00 to $25,000.00 (a $2,000.00 increase) for the reasons set forth in Plaintiffs' Final Approval Motion and the Declaration of

-3-

Andy Morrison. The Court further finds that such an increase is provided for in the terms of the Settlement and that the Class Members received adequate notice that such an increase was possible. The increase is further justified by the fact that Class Counsel are only seeking $11,159.49 in litigation costs – which is below the initial $20,000.00 estimate approved by the Court, which means that the Net Settlement Amount will be greater than initially anticipated. Accordingly, KCC Class Action Services, LLC is awarded $25,000.00 in claims administration fees and expenses.

      11.    The above action, *Geare et al., v. Lululemon USA, Inc.*, Case No. 2:12-cv-09996 SJO (JEMx), is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement, including over disbursement of the Settlement funds.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

-4-

12. The Court enjoins any Class Member, whether acting directly, in a representative capacity, or in any other capacity, and whether or not any such Class Member has appeared in the litigation, from asserting, instituting or prosecuting in any capacity in any court or governmental agency any claims released in the Settlement against Defendants or any other parties released by the Settlement, unless the Class Member has sent a timely exclusion form opting out of the Settlement.

This is a final judgment.

IT IS SO ORDERED.

Dated: August 14, 2014

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT COURT